UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS F. REILLY, Attorney General of the Commonwealth of Massachusetts,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | Civil Action No. 05-10450 RCL |

## ANSWER

Defendant United States Environmental Protection Agency ("EPA"), by and through its undersigned attorneys, answers the Complaint of plaintiff Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, as follows:

First Defense

This Court lacks jurisdiction of this matter under the Administrative Procedure Act, 5 U.S.C. § 701-706, because the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, provides an adequate alternative remedy.

Second Defense

Plaintiff's request that this Court permanently enjoin defendant in the future to provide copies of its analytical evaluations using IPM or like analytical models is not a remedy authorized by the FOIA.

<u>Third Defense</u>

Plaintiff has not alleged a sufficient factual and/or legal basis for its claim for costs and attorneys' fees.

<u>Fourth Defense</u>

Answering specifically in response to the numbered paragraphs of the complaint, using the same paragraph numbering, the EPA answers the Complaint as follows:

1. Paragraph one of the Complaint constitutes plaintiff's characterization of this action, to which no answer should be required. Insofar as an answer may be deemed required, admitted that this sentence reflects plaintiff's characterization of this action.

2. Paragraph two of the Complaint contains plaintiff's statement of jurisdiction to which no answer is required. To the extent an answer is required, admitted that this Court has jurisdiction over this action with respect to FDA pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331, and 28 U.S.C. § 1346, and denies that this Court has jurisdiction under 5 U.S.C. §§ 701-706.

3. Paragraph three contains plaintiff's statement of venue to which no answer is required. To the extent an answer is required, admitted.

4. The first and third sentences of paragraph four are admitted. EPA is without knowledge or information to form a belief as to the truth of the statements contained in the second sentence of paragraph four.

5. Admitted.

6. The first sentence of paragraph six contains plaintiffs' characterization of EPA's actions to which no answer is required. To the extent an answer is required, EPA's Notice of Proposed Rulemaking ("NPRM") speaks for itself, and the Court is referred to that document for a full and complete statement of its contents. The remainder of paragraph six is admitted.

7. Paragraph seven contains plaintiff's characterization of the NPRM to which no answer is required. To the extent an answer is required, EPA's NPRM speaks for itself, and the Court is referred to that document for a full and complete statement of its contents.

8. Paragraph eight contains plaintiff's characterization of the Unfunded Mandates Reform Act, Pub. L. No. 104-4, 109 Stat. 48, codified at 2 U.S.C. §§ 1501 *et seq.*, to which no answer is required. To the extent an answer is required, the statute speaks for itself, and the Court is referred to that statute for a full and complete statement of its contents.

9. Paragraph nine contains plaintiff's characterization of the requirements of Executive Order 12866, 58 Fed. Reg. 51735 (October 4, 1993), and the "Best Practices Guidance" of the Office of Management and Budget ("OMB"), to which no answer is required. To the extent an answer is required, the Executive Order and OMB "Best Practices Guidance" speak for themselves, and the Court is referred to those documents for a full and complete statement of their contents.

10. Paragraph ten contains plaintiff's characterization of the NPRM and EPA's website to which no answer is required. To the extent an answer is required, the NPRM and EPA's website speak for themselves, and the Court is referred to the NPRM and website, respectively, for a full and complete statement of their contents.

11. Paragraph eleven contains plaintiff's characterizations of an EPA presentation regarding the Integrated Planning Model ("IPM") to which no answer is required. To the extent an answer is required, EPA's presentation regarding IPM speaks for itself, and the Court is referred to that presentation for a full and complete statement of its contents.

12. EPA is without knowledge or information to form a belief as to the truth of the statements contained in paragraph twelve.

13. EPA is without knowledge or information to form a belief as to the truth of the statements contained in the first sentence of paragraph thirteen. The remainder of paragraph thirteen contains plaintiff's characterizations of EPA's actions embodies in an EPA memorandum, to which no answer is required. To the extent an answer is required, the EPA memorandum speaks for itself, and the Court is referred to that presentation for a full and complete statement of its contents.

14. Paragraph fourteen contains plaintiff's characterizations of EPA's actions, to which no answer is required. To the extent an answer is required, denied except to admit that EPA placed certain Integrated IPM "runs" in the administrative record.

15. Paragraph fifteen contains plaintiff's characterization of this action, to which no answer is required. To the extent an answer is required, admitted plaintiff filed a FOIA request on or about March 19, 2004, the contents of which speaks for itself, and the Court is referred to that request for a full and complete statement of its contents.

16. Denied, except to admit that EPA responded to plaintiff's FOIA request by letter dated June 10, 2005, the content of which speaks for itself, and the Court is referred to that request for a full and complete statement of its contents.

17. Admitted.

18. Denied, except to admit that EPA issued a final appeal determination on plaintiff's appeal on December 8, 2004, the content of which speaks for itself, and the Court is referred to that request for a full and complete statement of its contents.

19. Paragraph nineteen contains plaintiff's characterization of a report by EPA's Inspector General, to which no answer is required. To the extent an answer is required, admitted that EPA's Inspector General issued a report on February 3, 2005, the content of which speaks for itself, and the Court is referred to that request for a full and complete statement of its contents.

20. Paragraph twenty contains plaintiff's characterization of a report by the Government Accountability Office ("GAO"), to which no answer is required. To the extent an answer is required, admitted that GAO issued a report on or about March 7, 2005, the content of which speaks for itself, and the Court is referred to that request for a full and complete statement of its contents.

21. Defendants' responses to the allegations contained in paragraphs 1 through 20 are incorporated by reference as if more fully set forth herein.

22. Paragraph twenty-two contains conclusions of law to which no response is required. To the extent an answer may be deemed required, admitted.

23. Paragraph twenty-three contains conclusions of law to which no response is required. To the extent an answer may be deemed required, admitted.

24. Paragraph twenty-four contains conclusions of law to which no response is required. To the extent an answer may be deemed required, admitted.

25. Paragraph twenty-five contains conclusions of law to which no response is required. To the extent an answer may be deemed required, denied.

26. Paragraph twenty-six contains conclusions of law to which no response is required. To the extent an answer may be deemed required, denied.

27. Paragraph twenty-seven contains conclusions of law to which no response is required. To the extent an answer may be deemed required, denied.

The remainder of the Complaint constitutes plaintiff's prayer for relief to which no response is required. Insofar as an answer may be deemed to be required, EPA denies that plaintiff is entitled to the relief prayed for in this action or to any relief whatsoever. EPA further specifically denies all of the allegations of the Complaint not previously otherwise answered.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Mark T. Quinlivan
       MARK T. QUINLIVAN
       Assistant U.S. Attorney
       United States Attorney's Office
       John Joseph Moakley U.S. Courthouse
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       617-748-3606

Dated: April 11, 2005