UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS F. REILLY, Attorney General of the Commonwealth of Massachusetts,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-10450 RCL |

**JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1**

Pursuant to Local Rule 16.1(D), the parties to this action, plaintiff Thomas Reilly, Attorney General of the Commonwealth of Massachusetts, by and through their undersigned counsel, and defendant United States Environmental Protection Agency ("EPA"), by and through their undersigned counsel of record, hereby submit this Joint Statement.

1. **Statement of Positions Asserted by the Parties:**

This is an action brought by the plaintiff, Thomas Reilly, Attorney General of the Commonwealth of Massachusetts, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 *et seq*. On March 19, 2004, plaintiff filed a FOIA request seeking:

> All records relating to the use of the Integrated Planning Model (IPM) in connection with the impact on the electricity generating and fossil fuel industries of proposed EPA standards for the emission of mercury from power plants, including but not limited to any communications about whether to undertake IPM modeling runs, and any discussions about the actual or anticipated results of such runs, and the results of any modeling runs actually performed (other than those results already disclosed to the Working Group for the Utility MACT formed under the Clean Air Act Advisory Committee Subcommittee for the Permits/New Source Review/Toxics).

By letter dated June 10, 2004, defendant EPA responded to the FOIA request, providing copies of some documents and withholding others on the ground of deliberative process. On July 15, 2004, plaintiff filed a timely appeal of defendant EPA's partial denial of the FOIA request. By letter dated December 9, 2004, defendant EPA granted in part and denied in part plaintiff's appeal, and determined that the documents in question were properly withheld under the FOIA, 5 U.S.C. §552(b)(5). This lawsuit followed.

Plaintiff contends that the withheld documents are exempt from disclosure under the FOIA, and seeks, *inter alia*, that this Court order that the withheld documents be made available to the plaintiff. Plaintiff also seeks attorney's fees and costs, pursuant to 5 U.S.C. §552(a)(4)(E). Defendant EPA contends that the documents were properly withheld pursuant to the FOIA, 5 U.S.C. §552(b)(5).

**2.    Joint Discovery Plan**

The parties are in agreement that discovery would be appropriate, if at all, only after defendant EPA has filed a motion for summary judgment with supporting affidavits justifying the claimed withholdings. See, e.g., Church of Scientology v. I.R.S., 137 F.R.D. 201, 202 (D. Mass. 1991) (in FOIA cases, "factual issues generally arise after a party has filed a motion for summary judgment."); Murphy v. FBI, 490 F. Supp. 1134, 1137 (D.D.C. 1980) ("[A] factual issue that is properly the subject of discovery can arise [in a FOIA suit] only after the government files its affidavits and supporting memorandum of law."). This is because, unlike most civil actions, in which the plaintiff bears the burden of proof, it is the government that has the burden of sustaining its actions in a FOIA case. See 5 U.S.C. §552(a)(4)(B) ("[T]he burden is on the agency to sustain its action."). The government ordinarily seeks to satisfy this burden by filing a motion for summary judgment together with a supporting agency declaration explaining any exemptions claimed and the

adequacy of the search conducted. See North Dartmouth Properties, Inc. v. U.S. Dept. of Housing & Urban Dev., 984 F. Supp. 65, 68 (D. Mass. 1997) ("FOIA cases are often decided on summary judgment."). Moreover, "[t]o assure the broadest possible disclosure, courts often direct a government agency seeking to withhold documents to supply the opposing party with a Vaughn index, which includes a general description of each document sought by the FOIA requestor and explains the agency's justification for nondisclosure of each individual document or portion of a document." Church of Scientology Int'l v. U.S. Dept. of Justice, 30 F.3d 224, 228 (1st. Cir. 1994).[1]

### 3. Schedule For Filing of Motions

The parties propose the following schedule for the filing of dispositive motions:

- Defendant EPA will file its motion for summary judgment, with supporting agency affidavit(s) and Vaughn index, no later than July 29, 2005.

- Plaintiff will file its opposition to defendant EPA's motion for summary judgment no later than September 15, 2005.

### 4. Magistrate Judge

The parties consent to have this matter referred to a Magistrate Judge for all purposes.

### 5. Certification

The parties respectfully request that they be granted leave to file the necessary Rule 16.1(D)(4) certifications on or before June 15, 2005.

---

[1] See Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).

|  |  |
|---|---|
| The Plaintiff, | Respectfully submitted:<br><br>The Defendant,<br><br>MICHAEL J. SULLIVAN<br>United States Attorney |
| /s/ William L. Pardee<br>WILLIAM L. PARDEE, BBO #389070<br>Assistant Attorney General<br>Environmental Protection Division<br>Office of the Attorney General<br>One Ashburton Place – Rm. 1813<br>Boston, MA 02108<br>(617) 727-2200, ext. 2419 | /s/ Mark T. Quinlivan<br>MARK T. QUINLIVAN<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3606 |