# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| THOMAS F. REILLY, Attorney General of the Commonwealth of Massachusetts, ) | Civil Action No. 05-10450 RBC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ) | |
| ) | |
| Defendant. ) | |

_____

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant United States Environmental Protection Agency hereby moves for summary judgment. The reasons for the foregoing motion are set forth in the accompanying Memorandum of Law.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
617-748-3606

Dated: July 29, 2005

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

Pursuant to Local Rule 7.1(a)(2), I certify that the foregoing motion is being filed consistent with the schedule agreed to by the parties at the Scheduling Conference held on June 15, 2005, and approved by the Court on June 16, 2005.
.

 /s/ Mark T. Quinlivan
MARK T. QUINLIVAN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

<table>
<tr><td>THOMAS F. REILLY, Attorney General<br>of the Commonwealth of Massachusetts,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY,<br><br>Defendant.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Civil Action No. 05-10450 RBC</td></tr>
</table>

## DECLARATION OF SAMUEL NAPOLITANO

1.     I, Samuel Napolitano, Director, Clean Air Markets Division ("CAMD"), U.S.

Environmental Protection Agency ("EPA" or "Agency"), declare that the following statements

are true and correct to the best of my knowledge and belief, that they are based upon my personal

knowledge and on information supplied to me by employees under my supervision and

employees in other EPA offices, and that they are submitted in conjunction with EPA's filing of

Defendant's Motion for Summary Judgment in the above-captioned case.

2.     I am the Director of CAMD, which is part of the EPA Office of Air and

Radiation's ("OAR") Office of Atmospheric Programs ("OAP"), located at EPA Headquarters in

Washington, D.C.  OAP is responsible for protecting human health and the environment through

implementation of cross-cutting atmospheric programs.  CAMD is one of four divisions

comprising OAP.  Among my responsibilities as Director of CAMD is the development and

implementation of market-based regulatory programs designed to improve air quality, such as the

Acid Rain Program and the Nitrogen Oxide ("NO$_x$") Budget Trading Program.

     3.     I make this declaration in support of EPA's position that the documents withheld

from Plaintiff and described herein and on the attached <u>Vaughn</u> index are properly exempt from

disclosure under FOIA I will explain the basis for CAMD's decision to withhold

certain responsive documents or portions of documents, which CAMD believes are exempt from

mandatory disclosure under FOIA exemption (b)(5), set forth at 5 U.S.C. Section 552(b)(5),

incorporating common law discovery privileges (including the deliberative process privilege and

the attorney-client privilege. This declaration will also describe the process EPA followed in

responding to Plaintiff's March 19, 2004 FOIA request.

     4.     My statements in this declaration are based either on my personal examination of

these documents or on information supplied to me by employees under my supervision and

Office of General Counsel ("OGC") attorneys.. Each document responsive to the above FOIA

request has been evaluated for the segregability of non-exempt material. Where a document was

withheld in its entirety, it was determined that no meaningful portion could reasonably be

released. Where non-exempt material could be reasonably segregated, redactions were

performed.

     5.     CAMD was involved in the development of the Clean Air Mercury Rule

("CAMR"). The CAMR regulates mercury emissions through the establishment of a cap-and-

trade system under CAA § 111, 42 U.S.C. § 7411. The final version of CAMR was published in

the <u>Federal Register</u> on May 18, 2005 and will take effect on July 18, 2005. During the proposed

mercury rulemaking, EPA had considered an alternative regulatory approach. Specifically, EPA

had considered establishment of national emission standards based on maximum achievable control technology ("MACT") pursuant to CAA § 112, 42 U.S.C. § 7412. In its evaluation of the proposed regulatory approaches, EPA conducted cost-benefit analyses as required by the Unfunded Mandates Reform Act, 2 U.S.C. §§ 1501 et seq. and Executive Order 12866. As a means to evaluate the cost impacts of the proposed rule, EPA employed use of the Integrated Planning Model ("IPM").

6.    IPM is a dynamic, linear-programming model that is used by EPA to examine the impacts of air pollution control policies in the power sector for sulfur dioxide ($SO_2$), nitrogen oxides ($NO_x$), and mercury (Hg), throughout the contiguous United States. Essentially, IPM finds the least-cost solution for the power sector for meeting projected electricity demand in regions across the country by taking into account environmental constraints and other economic or infrastructure constraints inherent to the power sector. In doing so, IPM provides projections for electricity generation characteristics, emissions, emissions control installations, fuel use, and other power sector impacts.

7.    IPM has been used for evaluating the economic and emission impacts of environmental policies for over a decade. In addition to using IPM to develop environmental policies, EPA also uses IPM to provide analytical support for proposed rulemaking. Use of IPM in the context of policy development or proposed rulemaking typically involves examining a number of IPM runs that vary, for example, in control levels, timing of control levels, or assumptions about the effectiveness or availability of control technology. Information from these runs is used to inform policy or rule development.

3

8.      EPA conducted a number of IPM runs to evaluate the MACT and cap-and-trade approaches. All runs upon which EPA relied in developing CAMR were disclosed in Docket No. OAR-2002-0056 for the proposed mercury rulemaking.

9.      Through the exercise of my official duties, I have become familiar with the March 19, 2004 request for records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, from Thomas F. Reilly, Attorney General of the Commonwealth of Massachusetts, which resulted in this civil action. Plaintiff's FOIA request, assigned tracking number HQ-RIN-01035-04, sought all records relating to non-disclosed IPM runs including, but not limited to: (A) communications regarding whether to conduct IPM runs; (B) discussions regarding the actual or expected results of the IPM runs; and (C) results of any performed runs.

10.     Richard Vetter, an OGC attorney in Research Triangle Park ("RTP"), North Carolina, who worked with my staff on the rule, conducted the search for responsive records. He sent an electronic mail message to Headquarters and RTP staff he thought were likely to have records responsive to the request. These records were forwarded to Mary Jo Krolewski, a Program analyst familiar with the records involved in the development of the CAMR. Specifically, the records located included EPA staff notes, IPM runs in Docket No. OAR-2002-0056 for the proposed mercury rulemaking, computer files and spreadsheets containing IPM runs for MACT and cap-and-trade options, documents discussing economic analysis and emissions analysis of the cap-and-trade proposal, and EPA internal correspondence. Ms. Krolewski reviewed the responsive records and prepared a draft response.

4

11.     By letter dated June 10, 2004 and signed by myself, I initially partially denied Plaintiff's FOIA request. I released copies of email correspondence between EPA and third parties and referred Plaintiff to Docket No. OAR-2002-0056 for the proposed mercury rulemaking, which contained specific IPM runs and other responsive documents. I determined that all other responsive records should be withheld as exempt pursuant to the deliberative process privilege under Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5). Plaintiff filed an appeal of my partial denial on July 15, 2004.

12.     The responsive records that were withheld and constitute the subject of this litigation consist of handwritten EPA staff notes, computer files containing IPM runs for two MACT options, computer files and spreadsheets containing IPM runs for two cap-and-trade options, economic and emissions analyses of the cap-and-trade proposal in the form of documents and presentation materials, and EPA internal correspondence in the form of staff emails.

13.     By letter dated December 9, 2004, and signed by Byron R. Brown, Assistant General Counsel, Information Law, OGC, EPA issued its final determination on the appeal. The appeal was granted in part and denied in part. A more descriptive index of the withheld records was provided, but EPA OGC upheld CAMD's determination that the withheld records were exempt from disclosure under the deliberative process privilege, 5 U.S.C. § 552(b)(5). Furthermore, EPA determined that the withheld records contained no reasonably segregable portions that could be released.

14.     Plaintiff filed the present complaint in this Court on March 10, 2005, seeking a court order requiring EPA to produce the withheld records. Subsequent to its filing of a timely

answer on April 18, 2005, Defendant released additional responsive documents by letter dated June 28, 2005.

15. In my capacity as Director of CAMD and in response to this case, I have consulted with my staff and OGC in reviewing the 120 remaining documents being withheld under FOIA. All of these documents are being withheld wholly or in part under the deliberative process privilege of FOIA Exemption 5. The non-exempt portions of these documents have been released to Plaintiff. The remaining portions of these documents are covered by the deliberative process privilege and continue to be protected from disclosure by FOIA Exemption 5.

16. Document 114 consists of handwritten staff notes of meetings of CAMD and other EPA staff that took place from January-December 0f 2003. These notes were generated by EPA staff and contain personal mental impressions. The notes do not reflect official EPA policy. They are predecisional and deliberative, because the project was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only staff impressions and comments. Release would have a chilling effect on Agency decision making processes and cause public confusion about the reason for an Agency decision. These notes do not contain any reasonably segregable information. To the best of our knowledge, this document has not been shared outside of the federal government or one of its contractors.

17. Documents 115 and 116 both consist of IPM runs. 115 consists of IPM Run Outputs for two alternative MACT options and 116 consists of IPM Run Outputs for the Hg Trading option. These runs were not relied upon by EPA in promulgating the CAMR. As noted above at paragraphs 6 and 7, IPM is a cost-benefit analysis used by the Agency to evaluate cost impacts of proposed rulemaking. These documents are pre-decisional because development of the CAMR,

6

including IPM analysis, was on-going at the time of these runs; the runs were created before the

publication of the rule in May 2005  and EPA's underlying decision-making process is ongoing.

Each run of the IPM, in its choice of specific variables and use of certain projections, reveals

issues that CAMD considered important in the rulemaking process.  Release of runs not relied on

by the Agency would provide clues to the Agency's deliberations prior to rulemaking. .  Release

of this information could compromise future Agency deliberations and cause public confusion

about the reasons behind EPA's decision-making process.  There is no segregable factual

information that could be released without revealing protected pre-decisional and deliberative

information at the expense of EPA's decision-making process.

18.   Documents 109, 110, and 112 are draft memoranda prepared by CAMD staff.  I

have determined that these  documents are covered by the deliberative process privilege and

protected in their entirety from disclosure by FOIA Exemption 5.  There is no other reasonably

segregable information in these documents.  The documents described herein were also generated

as part of EPA's use of the IPM  to evaluate the cost impacts of the proposed CAMR.    These

documents reflect the back-and-forth discussions and the mental impressions of EPA staff.

These documents have been withheld in their entirety under FOIA Exemption 5.  These

documents are pre-decisional because development of the CAMR, including IPM analysis, was

on-going at the time these documents were drafted and the EPA drafters did not have decision-

making authority for policy recommendations concerning the rule; the documents were created

before the publication of the rule in May 2005  and EPA's underlying decision-making process is

ongoing.  The withheld information is deliberative because it includes staff-level comments and

proposed language regarding  rulemaking.   The withheld information has not been disclosed

7

outside of the federal government or a contractor of the federal government. Release of the documents would reveal EPA's internal decision-making process concerning development of the CAMR, including variables and analyses related to use of the IPM. Release of this information could compromise future Agency deliberations; cause public confusion about the reasons behind EPA's decision-making process; and have a chilling effect on EPA staff who in the future would be reluctant to express their opinions to the detriment of the Agency's decision-making process. There is no segregable factual information that could be released without revealing protected pre-decisional and deliberative information at the expense of EPA's decision-making process.

19.    Documents 111,113, and 117 are drafts of multimedia briefing presentations as part of the CAMD program's use of the IPM in evaluating different IPM analyses. These documents were generated as part of EPA's use of the IPM in preparing the CAMR. The final versions of these documents would have been used by EPA staff in the CAMD program to brief staff from other EPA offices and EPA management on issues related to the CAMR. These documents reflect the mental impression of EPA staff and staff-level recommendations. These documents have been withheld in their entirety under FOIA Exemption 5. These documents are pre-decisional because development of the CAMR, including IPM analysis, was on-going at the time these documents were drafted and the EPA drafters did not have decision-making authority for policy recommendations concerning the rule; the documents were created before the publication of the rule in May 2005  and EPA's underlying decision-making process is ongoing. The withheld information is deliberative because it includes staff-level comments and analyses regarding rulemaking.   The withheld information has not been disclosed outside of the federal government or a contractor of the federal government. Release of the documents would reveal

8

EPA's internal decision-making process concerning development of the CAMR, including variables and analyses related to use of the IPM. Release of this information could compromise future Agency deliberations; cause public confusion about the reasons behind EPA's decision-making process; and have a chilling effect on EPA staff who in the future would be reluctant to express their opinions to the detriment of the Agency's decision-making process. There is no segregable factual information that could be released without revealing protected pre-decisional and deliberative information at the expense of EPA's decision-making process.

20. Documents 1 - 108, and 119-20 are composed of e-mail messages produced mainly by CAMD staff The documents described herein were also generated as part of EPA's use of the IPM to evaluate cost impacts of the proposed rulemaking. Non-deliberative information from the E-mail messages has been released; substantive deliberative information has been redacted under FOIA Exemption 5. The withheld information from these E-mail messages is pre-decisional because the staff did not have decision-making authority for policy recommendations concerning the proposed rulemaking and the e-mails were sent prior to the publication of the rule in May 2005. The withheld information is deliberative because it includes staff-level comments, recommendations and analyses regarding the IPM runs and the proposed rulemaking. The withheld information has not been disclosed outside of the federal government or a contractor of the federal government. Release of the documents would reveal EPA's internal decision-making process. Release of this information could compromise future Agency deliberations; cause public confusion about the reasons behind EPA's decision-making process; and have a chilling effect on EPA staff who in the future would be reluctant to express their opinions to the detriment of the Agency's decision-making process.

9

21.    Documents 1, 21, 24, 56, 95, 102, 104, and 105-108 also contain information which is considered to be exempt from disclosure pursuant to the attorney-client privilege of FOIA Exemption 5, 5 U.S.C. 552(b)(5). Such documents or portions of documents contain or summarize confidential legal discussions between OGC and various other EPA employees or communications between EPA attorneys that reflect client-supplied information. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA. To the extent that these documents contain confidential legal discussions between government attorneys and their client(s), such information was withheld.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July  29, 2005, in Washington, D.C.

Samuel Napolitano
Director, Clean Air Markets Division
Office of Atmospheric Programs
Office of Air and Radiation
U.S. Environmental Protection Agency

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

| **EPA**-1 | **Pages:** 3 | **Subj:** Mercury Paper | **Date:** 03/12/2004 04:31 PM | **Auth:** Alexander Cristofaro/DC/USEPA/US |

**Recipients**
Jason Burnett/DC/USEPA/US
Jessica Furey
Jeff Holmstead/DC/USEPA/US
Rob Brenner/DC/USEPA/US
Ellen Brown/DC/USEPA/US
Sam Napolitano/DC/USEPA/US
Sarah Dunham/DC/USEPA/US
Sally Shaver/RTP/USEPA/US
Howard Hoffman/DC/USEPA/US

**Description**
[Email w/ attachment] Internal E-mail from Office of Policy, Economics and Information (OPEI) staff forwarding mercury policy options to Office of Air and Radiation (OAR) personnel and Office of General Counsel (OGC).  Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  These documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OPEI staff. These documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA. To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), the information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because the information was determined not to be confidential legal discussion.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege
Ex. 5 -- Attorney Client Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; policy and legal options withheld.

| **EPA**-2 | **Pages:** 2 | **Subj:** List of IPM runs-attached | **Date:** 03/22/2001 06:12 PM | **Auth:** Ellen Brown/DC/USEPA/US |

**Recipients**
RobertJ Wayland/RTP/USEPA/US

**Description**
[Email w/ attachment] Internal E-mail between Office of Air and Radiation staff forwarding a proposed list of Integrated Planning Model (IPM) runs.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; proposed list of IPM runs withheld.

Withheld in part.
Exemption 5 -- Deliberative process.
 The proposed list is predecisional and deliberative, because it suggests a number of proposed variables to be used in IPM runs.  Policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**3 | **Pages:** 6 | **Subj:** Bi-Weekly Meeting  -- Status Update Utility maximum achievable control technology ("MACT") | **Date:** 02/27/2003 02:35 PM | **Auth:** Bill Maxwell/RTP/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Bill Wehrum/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US<br>Ron Evans/RTP/USEPA/US<br>Steve Page/RTP/USEPA/US<br>Sally Shaver/RTP/USEPA/US<br>Doug Bell<br>Penny Lassiter/RTP/USEPA/US | [Email w/ attachment] Internal E-mail between  Office of Air and Radiation staff forwarding materials for an update meeting on utility MACT.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.<br>The withheld materials include a draft agenda and draft materials discussing possible policy options concerning the mercury rule.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM.  Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; draft materials withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05–10450-RCL**

contractors.

| EPA-4 | Pages: | 2 | Subj: | New slide | Date: | 03/03/2003 12:37 PM | Auth: | Bill Maxwell/RTP/USEPA/US |
|-------|--------|---|-------|-----------|-------|---------------------|-------|---------------------------|

**Recipients**
Ellen Brown/DC/USEPA/US
RobertJ Wayland/RTP/USEPA/US
Maryjo Krolewski/DC/USEPA/US

**Description**
[Email w/ attachment] Internal E-mail between OAR staff transmitting slide discussing mercury emissions reductions. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.
 The withheld slide proposes a number of variables to be used in analysing different policy options concerning the mercury rule. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the slide was drafted, the source lacked decision-making authority, and the slide contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released: draft materials withheld.

| EPA-5 | Pages: | 5 | Subj: | Draft-IPM floor numbers | Date: | 03/11/2003 10:25 AM | Auth: | RobertJ Wayland/RTP/USEPA/US |
|-------|--------|---|-------|-------------------------|-------|---------------------|-------|------------------------------|

**Recipients**
Ellen Brown/DC/USEPA/US
Maryjo Krolewski/DC/USEPA/US
Bill Maxwell/RTP/USEPA/US

**Description**
[Email w/ attachment] Internal E-mail forwarding draft floor possibilities to be used in IPM Analyses. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process  The withheld draft proposes a number of possibilities to be used in running IPM analyses. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the slide was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released: draft materials withheld.

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05–10450-RCL**

analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-6 | Pages: | 3 | Subj: | none | | Date: | 03/25/2003 11:44 AM | Auth: | Bill Maxwell/RTP/USEPA/US |
|---|---|---|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding draft IPM runs for the Utility maximum achievable control technology ("MACT").   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process. The withheld draft proposes a range of options for regulatory alternatives to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released: draft materials withheld. |

| EPA-7 | Pages: | 3 | Subj: | IPM modified | | Date: | 03/26/2003 05:09 PM | Auth: | Bill Maxwell/RTP/USEPA/US |
|---|---|---|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding draft IPM runs for the utility maximum achievable control technology ("MACT").   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The withheld draft proposes a range of options for regulatory alternatives | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released: draft materials withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                   **C.A. 05-10450-RCL**

to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-8 | Pages: | 5 | Subj: | What do you think? | Date: | 09/08/2003 12:33 PM | Auth: | Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Sarah Dunham/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding draft analysis of a range of alternative maximum achievable control technology ("MACT") levels for controlling mercury emissions.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege  The withheld draft provides a screening analysis of range of MACT levels for controlling mercury emissions from electric power plants.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; draft materials withheld. |

| EPA-9 | Pages: | 4 | Subj: | Alternative | Date: | 09/10/2003 09:43 AM | Auth: | Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|---|---|---|

**EPA Vaughn Index for Reilly v. EPA**                                                                    **C.A. 05-10450-RCL**

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| NancyH Wilson/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding 9/8/03 draft analysis of a range of alternative MACT levels for controlling mercury emissions.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege  The withheld draft provides a screening analysis of range of MACT levels for controlling mercury emissionsd from electic power plants.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; draft materials withheld. |

| EPA-10 | Pages:  5 | Subj:  Activated Carbon Injection ("ACI") Removal | Date:  09/12/2003 10:25 AM | Auth:  Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/ attachment] Internal E-mail chain concerning ACI removal costs.  These costs were considered in updating IPM ACI equations.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld information provides an analysis of cost variables used in the IPM.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; materials concerning removal costs withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-11** | **Pages:** 3 | **Subj:** WEST stuff | **Date:** 10/29/2003 06:00 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding revised WESTs (a non-governmental  advocacy group) analysis.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 deliberative process<br>The withheld e-mail chain provides an analysis of IPM variables.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

| **EPA-12** | **Pages:** 4 | **Subj:** Lignite | **Date:** 11/04/2003 03:44 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/ attachment] Internal E-mail forwarding spreadsheet lignite model.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail chain provides an analysis of an IPM variable.  This information is predecisional and deliberative, because it contains analysis of a variable in relation to the IPM.  Policy evaluation related to the | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-13 | Pages: | 6 | Subj: Small Entity Analysis | Date: 12/10/2003 05:28 PM | Auth: Gregory Adams<br>ICF Consulting |
|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Barry Galef<br>ICF Consulting | [Email w/ attachment] E-mail chain (including communications between EPA employees and contractors) forwarding analysis of outputs of IPM results for plants partially owned by small entities. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process The withheld e-mail chain provides an analysis of IPM results.  This information is predecisional and deliberative, because it comments on a possible approach concerning variables to be used in the IPM.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

| EPA-14 | Pages: | 4 | Subj: Small Entity Analysis | Date: 12/11/2003 10:10 AM | Auth: Gregory Adams<br>ICF Consulting |
|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] E-mail chain (including | Ex. 5 -- Deliberative Process | E-mail message metadata |

**EPA Vaughn Index for Reilly v. EPA**                                              **C.A. 05-10450-RCL**

Barry Galef                                    contractor e-mail) forwarding analysis of outputs of IPM   Privilege            released: analysis withheld.
ICF Consulting                                 results for plants partially owned by small entities.
                                               Prepared as part of EPA's evaluation of policy options
                                               related to the mercury rule.

                                               Withheld in part.
                                               Exemption 5 -- deliberative process
                                               The withheld e-mail chain provides an analysis of IPM
                                               results.  This information is predecisional and
                                               deliberative, because it comments on a possible
                                               approach concerning variables to be used in the IPM.
                                               Policy evaluation related to the mercury rule was
                                               on-going when the document was drafted, the source
                                               lacked decision-making authority, and it contains
                                               variables to be considered in the Agency's policy
                                               analysis. Release would have a chilling effect on Agency
                                               decision-making processes and cause public confusion
                                               about the reason for an Agency decision.

                                               No other reasonably segregable information.  To the
                                               best of our knowledge, document has not been shared
                                               outside of the federal government or one of its
                                               contractors.

| **EPA**-15 | **Pages**:    4 | **Subj**: RE:Small Entity Analysis | **Date**:    12/11/2003 05:50 PM | **Auth**:  Gregory Adams |
| | | | | ICF Consulting |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] E-mail chain (including | Ex. 5 -- Deliberative Process | E-mail message metadata |
| Barry Galef | contractor e-mail) forwarding analysis of outputs of IPM | Privilege | released: analysis withheld. |
| ICF Consulting | results for plants partially owned by small entities. | | |
| | Prepared as part of EPA's evaluation of policy options | | |
| | related to the mercury rule. | | |

Withheld in part.
Exemption 5 -- deliberative process
The withheld e-mail chain (including communications
between EPA employees and contractors) provides an
analysis of IPM results.  This information is
predecisional and deliberative, because it comments on
a possible approach concerning variables to be used in
the IPM.  Policy evaluation related to the mercury rule
was on-going when the document was drafted, the
source lacked decision-making authority, and the
withheld information contains variables to be
considered in the Agency's policy analysis. Release
would have a chilling effect on Agency decision-making
processes and cause public confusion about the reason

**EPA Vaughn Index for Reilly v. EPA**                              **C.A. 05–10450-RCL**

for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-16** | **Pages:** 3 | **Subj:** Fw: requested Additions to MACT analysis, 12/15 Docket Memo | **Date:** 12/14/2003 01:31 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain containing discussion of MACT analysis.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld e-mail chain provides additional analyses on the mercury MACT rule.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the information includes variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

| **EPA-17** | **Pages:** 4 | **Subj:** Requested Additions to MACT anlysis, 12/15 docket memo | **Date:** | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/USA<br>Mikhail Adamantiades/DC/USEPA/US<br>Boddu Venkatesh<br>ICF COnsulting | [Email w/ attachment] E-mail forwarding comments on MACT analysis and proposed docket memo  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The withheld e-mail chain provides additional analyses on the mercury MACT rule.  This information is predecisional | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

and deliberative, because it suggests a number of
options to be considered by Agency decisionmakers.
Policy evaluation related to the mercury rule was
on-going when the document was drafted, the source
lacked decision-making authority, and the draft
contains variables to be considered in the Agency's
policy analysis. Release would have a chilling effect on
Agency decision-making processes and cause public
confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| EPA-18 | Pages: | Subj: RE: EIA MACT Sensitivity Case | Date: 01/01/2004 05:06 PM | Auth: Boddu Venkatesh ICF Consulting |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Roman Kramarchuk EPA Christa Clapp. ICF Consulting Maryjo Krolewski/DC/USEPA/US Gregory Williams ICF Consulting | [Email w/o attachment] E-mail concerning EIA MACT Sensitivity case  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The withheld e-mail  provides analysis of a MACT sensitivity run. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld. |

| EPA-19 | Pages: 3 | Subj: RE: EIA MACT Sensitivity Case | Date: 01/05/2004 10:53 AM | Auth: Boddu Venkatesh ICF Consulting |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] E-mail concerning EIA MACT Sensitivity case  Prepared as part of EPA's evaluation of | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; analysis withheld |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The withheld
e-mail  provides analysis of a MACT sensitivity run.
This information is predecisional and deliberative,
because it suggests a number of options to be
considered by Agency decisionmakers.  Policy
evaluation related to the mercury rule was on-going
when the document was drafted, the source lacked
decision-making authority, and the draft contains
variables to be considered in the Agency's policy
analysis. Release would have a chilling effect on Agency
decision-making processes and cause public confusion
about the reason for an Agency decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| **EPA-**20 | **Pages:** | 5 | **Subj:** RE: Hg SNPR: revised deadline | **Date:** 01/28/2004 09:40 AM | **Auth:** Sarah Dunham/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Roman Kramarchuk | [Email w/o attachment] Internal e-mail discussing SNPR revised deadline.  The withheld information contains internal EPA staff response to Office of Management and Budget (OMB) comments on Supplental Notice of Proposed Rulemaking (SNPR). Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.  Exemption 5 -- deliberative process  This information is predecisional and deliberative, because it suggests a possible Agency position.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information includes variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; 2 lines of staff analysis on p. 2 withheld |

| **EPA-**21 | **Pages:** | 6 | **Subj:** Draft SNPR memo for docket: Summary of Projected Mercurty Emissions Near Waterbodies | **Date:** 03/04/2004 06:00 PM | **Auth:** David Schmeltz/DC/USEPA/US |

**EPA Vaughn Index for Reilly v. EPA**                                                      **C.A. 05-10450-RCL**

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Dave Guinnup/RTP/USEPA/US<br>Johnd Bachmann/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Tamara Saltman/DC/USEPA/US<br>Amy Kinner/DC/USEPA/US<br>Suzanne Young/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Meghan McGuinness/DC/USEPA/US<br>Jason Burnett/DC/USEPA/US<br>Roman Kramarchuk<br>Brian Mclean/DC/USEPA/US<br>Bill Wehrum/DC/USEPA/US<br>Sally Shaver/RTP/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Alexander Cristofaro/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US<br>Howard Hoffman/DC/USEPA/US<br>Richard Ossias/DC/USEPA/US<br>Melanie LaCount/DC/USEPA/US<br>Rona Birnbaum/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain concerning information to be placed in public docket. Includes information from Office of Policy, Economics and Information (OPEI) staff seeking a legal opinion from the Office of General Counsel (OGC). Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process. The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>Exemption 5 – attorney-client privilege. Portions of these documents summarize confidential legal discussions between OGC attorneys and OPEI staff. The documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA. To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld. Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion.<br><br>No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message metadata released; staff analysis on p. 3 and p. 6 withheld |

| EPA-22 | Pages: | 3 | Subj: Re: Mercury SNPR memos | Date: 03/03/2004 09:24 AM | Auth: Edmond Toy OMB |
|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Arthur G. Fraas<br>OMB | [Email w/o attachment] E-mail from OMB containing comments related to the state NPR memos. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; p.2 withheld |

Exemption 5 -- deliberative process
 This information is predecisional and deliberative, because it suggests  a possible internal Agency position as well as Agency positions taken with OMB.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-23 | Pages: | 3 | Subj: | Mercury and multi-pollutant removal | Date: | 03/25/2004 12:24 PM | Auth: | Sarah Dunham/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Maryjo Krolewski/DC/USEPA/US<br>Sikander Khan/DC/USEPA/US | [Email w/o attachment] e-mail chain concerning mercury rule options  Prepared as part of EPA's evaluation of policy  options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released;  staff analysis on p. 2 withheld |

| EPA-24 | Pages: | 12 | Subj: | e-mail chain forwarding LA Times story about mercury proposal | Date: | 03/16/2004 12:43 PM | Auth: | Nancy Ketcham-Colwill/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Richard Ossias/DC/USEPA/US<br>Anna Wolgast/DC/USEPA/US<br>Patricia Embrey/DC/USEPA/US<br>Howard Hoffman/DC/USEPA/US | [Email w/ attachment] The e-mail chain includes an e-mail from an OGC attorney to other OGC attorneys that reflects client-supplied information and was prepared as part of EPA's evaluation of policy and legal | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message and newspaper article released:  staff analysis (one paragraph) on p. 2 withheld |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Lisa Friedman                          options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The attorney
comments are predecisional and deliberative, because
the project was on-going when the e-mail was drafted,
the sources lacked decision-making authority, and the
e-mail discusses options to be presented to Agency
decisionmakers. Release would have a chilling effect on
Agency decision-making processes and cause public
confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  Such
documents or portions of documents contain or
summarize confidential legal discussions between OGC
attorneys that reflect client-supplied information.. Such
documents contain the candid opinions, analyses, and
recommendations of Agency personnel regarding the
legal defensibility of alternative courses of action under
consideration by EPA.

To the extent that these documents reflecting
confidential legal discussions between Government
attorneys and their client(s), such information was
withheld.  Certain other information contained in certain
of these documents has been released to the requestor
because such information was determined not to be
confidential legal discussion.   To the best of our
knowledge, the document has not been shared outside
of the federal government or one of its contractors.

| **EPA-**25 | **Pages:** 2 | **Subj:** Mercury Emission Totals v. Affected Units | **Date:** 03/22/2004 12:50 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] E-mail string discussing variables in the IPM model.  Includes discussion between OAR staff of variables.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on | Ex. 5 -- Deliberative Process Privilege | E-mail message from non-government source released:  staff analysis (two sentences) on p. 2 withheld |

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05–10450-RCL**

Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-26 | Pages: 4 | Subj: >25 MW units | Date: 12/12/2003 12:54 PM | Auth: Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment]  E-mail string discussing variables in the IPM model.  Includes discussion between OAR staff of variables.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message from non-government source released:  staff analysis (p. 2) withheld |

| EPA-27 | Pages: 2 | Subj: None | Date: 04/26/2004 04:56 PM | Auth: Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Rob Brenner/DC/USEPA/US | [] Internal E-mail forwarding document entitled "Options for Further Analysis."  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege  The withheld draft provides an analysis of mercury rule options related to  the Clean Air Implementation Rule (CAIR).  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released: options paper withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**28 | **Pages:** 3 | **Subj:** RE:1999 Coal Use for Utility MACT | **Date:** 12/22/2003 02:47 PM | **Auth:** C. Clark Allen RTI International |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US Maryjo Krolewski/DC/USEPA/US Roman Kramarchuk/DC/USEPA/US Robert A. Zerbonia RTI | [Email w/ attachment] E-mail chain (including e-mail from Agency contractor) forwarding coal use spreadsheet for Utility MACT. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process
The withheld e-mails provides specifications to be used in A MACT IPM run. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; contractor analysis withheld. |

| **EPA-**29 | **Pages:** 1 | **Subj:** revised economic impacts memo | **Date:** 12/11/2003 07:46 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Bill Maxwell/RTP/USEPA/US RobertJ Wayland/RTP/USEPA/US Sarah Dunham/DC/USEPA/US | [Email w/o attachment] E-mail comments on a Utility MACT Economic analysis dated December 11, 2003. Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; employee comments (two lines) withheld. |

**Page 17 of 72**

Withheld in part.
Exemption 5 -- deliberative process   The withheld portion contains employee comments on a draft memorandum.  This information is predecisional and deliberative, because policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-30 | **Pages:** 4 | **Subj:** Re: Fw: Draft language | **Date:** 05/21/2004 05:29 PM | **Auth:** Jason Burnett/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US<br>Melanie LaCount/DC/USEPA/US<br>Rona Birnbaum/DC/USEPA/US<br>Tamara Saltman/DC/USEPA/US<br>Lorie Schmidt/DC/USEPA/US | [] Internal E-mail chain containing discussion of OMB comments about international actions related to mercury. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released:  staff analyses withheld |

| **EPA**-31 | **Pages:** 3 | **Subj:** Fw: Draft language | **Date:** 05/21/2004 04:25 PM | **Auth:** Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Jason Burnett/DC/USEPA/US<br>Rona Birnbaum/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain containing internal discussion of OMB comments about | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released:  staff analyses |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Tamara Saltman/DC/USEPA/US
Melanie LaCount/DC/USEPA/US

international actions related to mercury (different version of EPA #30). Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

withheld

| **EPA-32** | **Pages:** | 2 | **Subj:** Re: Draft language | **Date:** 05/21/2004 01:40 PM | **Auth:** Melanie LaCount/DC/USEPA/US |
|---|---|---|---|---|---|

**Recipients**
Jason Burnett/DC/USEPA/US
Tamara Saltman/DC/USEPA/US
Ellen Brown/DC/USEPA/US
Rona Birnbaum/DC/USEPA/US
Jan Cortelyoulee/RTP/USEPA/US

**Description**
[Email w/o attachment] E-mail chain containing discussion of OMB comments about international actions related to mercury (different version of EPA #30). Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata released:  staff analyses withheld

| **EPA-33** | **Pages:** | | **Subj:** Re: Draft language | **Date:** 05/21/2004 01:25 PM | **Auth:** Melanie LaCount/DC/USEPA/US |
|---|---|---|---|---|---|

**Recipients**
Ellen Brown/DC/USEPA/US
Rona Birnbaum/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail chain containing discussion of OMB comments about

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata released:  staff analyses

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Tamara Saltman/DC/USEPA/US | international actions related to mercury (different version of EPA #30). Prepared as part of EPA's evaluation of policy options related to the mercury rule. | withheld

Withheld in part.
Exemption 5 -- deliberative process.  The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-34 | **Pages:** | 6 | **Subj:** runs | **Date:** 05/17/2004 10:48 AM | **Auth:** Ellen Brown/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Jason Burnett/DC/USEPA/US | [Email w/ attachment] Internal E-mail transmitting analysis of draft IPM runs.  Three documents are attached: (1) Draft IPM runs for Utility MACT (marked "Draft -- Deliberative Document -- Do not Cite or Quote") dated 3/27; (2) September 2003 Draft entitled "Analyzing Alternative MACT standards; and (3) draft entitled "Options for Further Analysis" dated 4/26/04. Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; attached documents and analysis in e-mail withheld. |

Withheld in part.
Exemption 5 -- Deliberative process.
The proposed e-mail and attached documents are predecisional and deliberative, because they suggests a number of proposed variables to be used in IPM runs as well as analyzing IPM runs.  Policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

outside of the federal government or one of its
contractors.

| **EPA-**35 | **Pages:** | 1 | **Subj:** IAQR comments | **Date:** 01/14/2004 02:26 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>Roman Kramarchuk EPA | [Email w/o attachment] Interstate Air Quality Rule Comments.  E-mail forwarding comments  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The redacted information consists of staff comments related to comments received from the Executive Office of the President.  This withheld information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | 2 lines of staff analysis have been withheld as deliberative |

| **EPA-**36 | **Pages:** | 1 | **Subj:** none | **Date:** 04/26/2004 06:29 PM | **Auth:** Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Jason Burnett/DC/USEPA/US | [Email w/o attachment] E-mail discussing option related to IPM runs.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege  The withheld portion of the e-mail contains options relating to IPM runs. This information is predecisional and deliberative, because policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM. Release would have a | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; discusion of IPM option withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                          **C.A. 05-10450-RCL**

chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-37 | **Pages:** 1 | **Subj:** Mercury next steps | **Date:** | **Auth:** Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Jessica Furey<br>Jeff Holmstead/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US | [Email w/o attachment] E-mail between Office of Air and Radiation staff  discussing next steps on the mercury rule. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.<br>The withheld materials discuss and analyze a number of possible policy options concerning the mercury rule. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released:  staff analyses withheld |

| **EPA**-38 | **Pages:** | **Subj:** Revised table | **Date:** 03/03/2003 11:31 AM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US | [Email w/ attachment] Internal E-mail forwarding revised IPM table   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- Deliberative process. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; table withheld in full |

**Page 22 of 72**

**EPA Vaughn Index for Reilly v. EPA**                                           **C.A. 05-10450-RCL**

The proposed e-mail and attached document are predecisional and deliberative, because they suggest proposed variables to be used in IPM runs as well as analyzing IPM runs.  Policy evaluation related to the mercury rule was on-going when the e-mail was drafted, the source lacked decision-making authority, and the e-mail contains various options to be considered in running the IPM. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. I

| **EPA**-39 | **Pages:** 1 | **Subj:** Draft -- IPM Floor numbers | **Date:** 03/11/2003 03:02 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] E-mail containing comments on floor possibilities to be used in IPM Analyses (response to #5).  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld comments discuss a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the comments were drafted, the source lacked decision-making authority, and the comments contain options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| **EPA**-40 | **Pages:** 3 | **Subj:** Draft IPM Scenarios for MACT | **Date:** 03/12/2003 06:55 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|

**EPA Vaughn Index for Reilly v. EPA**                                              **C.A. 05-10450-RCL**

Ellen Brown/DC/USEPA/US
Maryjo Krolewski/DC/USEPA/US
Bill Maxwell/RTP/USEPA/US
Jim Eddinger/RTP/USEPA/US
Sally Shaver/RTP/USEPA/US

[Email w/ attachment] Internal E-mail forwarding discussion document concerning IPM scenarios. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Ex. 5 -- Deliberative Process Privilege

E-mail message metadata and subject line released; draft materials withheld.

Withheld in part.
Exemption 5 -- deliberative process The withheld draft proposes a range of options for regulatory alternatives to be used in running IPM analyses. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**41 | **Pages:** 1 | **Subj:** DRAFT--IPM floor numbers | **Date:** 03/12/2003 07:12 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |

**Recipients**
Maryjo Krolewski/DC/USEPA/US
Bill Maxwell/RTP/USEPA/US
Ellen Brown/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail containing comments on floor possibilities to be used in IPM Analyses (response to #39). Prepared as part of EPA's evaluation of policy options related to the mercury rule.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis withheld.

Withheld in part.
Exemption 5 -- deliberative process  The withheld comments discuss a number of possibilities to be used in running IPM analyses. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the comments were drafted, the source lacked decision-making authority, and the draft contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-42 | Pages: | 2 | Subj: Draft IPM runs | Date: 03/20/2003 12:59 PM | Auth: Bill Maxwell/RTP/USEPA/US |
|--------|--------|---|----------------------|--------------------------|-------------------------------|

**Recipients**
Ellen Brown/DC/USEPA/US
Maryjo Krolewski/DC/USEPA/US
Peter Tsirigotis/RTP/USEPA/US
RobertJ Wayland/RTP/USEPA/US

**Description**
[Email w/ attachment] E-mail forwarding a list of draft IPM runs. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld documents discuss a number of possibilities to be used in running IPM analyses. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis and list of draft runs withheld.

| EPA-43 | Pages: | 1 | Subj: Draft IPM runs | Date: 03/24/2003 01:58 PM | Auth: Maryjo Krolewski/DC/USEPA/US |
|--------|--------|---|----------------------|--------------------------|-----------------------------------|

**Recipients**
Bill Maxwell/RTP/USEPA/US
Ellen Brown/DC/USEPA/US
Peter Tsirigotis/RTP/USEPA/US
RobertJ Wayland/RTP/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail discussing concerns w/draft IPM runs (response to #42). E-mail comments evaluating draft IPM runs. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld document discusses a number of possibilities to be used in running IPM analyses. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis withheld.

**Page 25 of 72**

mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains optionss to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-44 | **Pages:** | 1 | **Subj:** Draft IPM runs | | **Date:** 03/24/2003 02:43 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail string discussing draft IPM runs.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld document discusses a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains optionss to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis and list of draft runs withheld. |

| **EPA**-45 | **Pages:** | 1 | **Subj:** Draft IPM runs | | **Date:** 03/24/2003 02:43 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail discussing concerns w/draft IPM runs (response to #43). Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

Withheld in part.
Exemption 5 -- deliberative process    E-mail comments
responding to concerns with suggested IPM runs.. The
withheld document discusses a number of possibilities
to be used in running IPM analyses.  This information is
predecisional and deliberative, because it suggests a
number of options to be considered by Agency
decisionmakers.  Policy evaluation related to the
mercury rule was on-going when the was drafted, the
source lacked decision-making authority, and the
document contains options to be considered in the
Agency's policy analysis. Release would have a chilling
effect on Agency decision-making processes and cause
public confusion about the reason for an Agency
decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| EPA-46 | Pages: | 1 | Subj: Draft IPM runs | Date: 03/24/2003 05:15 PM | Auth: RobertJ Wayland/RTP/USEPA/US |
|--------|--------|---|---------------------|--------------------------|-------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Maryjo Krolewski/DC/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Peter Tsirigotis/RTP/USEPA/US | [Email w/o attachment] Internal E-mail string forwarding comments/questions concerning IPM runs. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld documents discuss a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**

**C.A. 05–10450-RCL**

| **EPA-**47 | **Pages:** 2 | **Subj:** New IPM | **Date:** 03/26/2003 03:04 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail discussing appropriate value of IPM run variable.  Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

Withheld in part.
Exemption 5 -- deliberative process   The withheld document discusses the appropriate value of a variable to be used in an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**48 | **Pages:** 1 | **Subj:** New number | **Date:** 03/26/2003 12:38 PM | **Auth:** Bill Maxwell/RTP/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US | [] E-mail discussing appropriate value of IPM run variable.  Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; analyses withheld |

Withheld in part.
Exemption 5 -- deliberative process   The withheld document discusses the appropriate value of a variable to be used in an IPM run.  This information is predecisional and deliberative, because it suggests an option to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion

**Page 28 of 72**

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-49 | Pages: | 2 | Subj: | MACT runs | Date: | 03/28/2003 02:41 PM | Auth: | Sarah Dunham/DC/USEPA/US |
|--------|--------|---|-------|-----------|-------|---------------------|-------|--------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|-----------------------------|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain discussing proposed MACT runs.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege The withheld e-mails propose a range of options for regulatory alternatives to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; analyses withheld |

| EPA-50 | Pages: | 1 | Subj: | Draft--Final WEST numbers | Date: | 03/28/2003 03:20 PM | Auth: | RobertJ Wayland/RTP/USEPA/US |
|--------|--------|---|-------|---------------------------|-------|---------------------|-------|------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|-----------------------------|
| Sarah Dunham/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US<br>Sally Shaver/RTP/USEPA/US<br>Steve Page/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US | [Email w/o attachment] E-mail containg internal Agency comments on numbers provided by WEST Associates (a non-governmental  advocacy group).  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld document discusses the appropriate value of  variables to be used in IPM runs.  This information is predecisional and deliberative, because it suggests a | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-51 | **Pages:** | 1 | **Subj:** Fw:rate in IPM | | **Date:** 03/26/2003 11:23 AM | **Auth:** RobertJ Wayland/RTP/USEPA/US |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Peter Tsirigotis/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail discussing appropriate value of IPM run variable.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld document discusses the appropriate value of a variable to be used in an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| **EPA**-52 | **Pages:** | 1 | **Subj:** rate in IPM | | **Date:** | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US<br>Bill Maxwell/RTP/USEPA/US | [Email w/o attachment] Internal E-mail discussing appropriate value of IPM run variable.  Prepared as part | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff |

**EPA Vaughn Index for Reilly v. EPA**                                          **C.A. 05-10450-RCL**

RobertJ Wayland/RTP/USEPA/US          of EPA's evaluation of policy options related to the          analysis withheld.
                                       mercury rule.

                                       Withheld in part.
                                       Exemption 5 -- deliberative process   The withheld
                                       document discusses the appropriate value of a variable
                                       to be used in an IPM run.  This information is
                                       predecisional and deliberative, because it suggests a
                                       number of options to be considered by Agency
                                       decisionmakers.  Policy evaluation related to the
                                       mercury rule was on-going when the slide was drafted,
                                       the source lacked decision-making authority, and the
                                       draft contains variables to be considered in the
                                       Agency's policy analysis. Release would have a chilling
                                       effect on Agency decision-making processes and cause
                                       public confusion about the reason for an Agency
                                       decision.

                                       No other reasonably segregable information.  To the
                                       best of our knowledge, document has not been shared
                                       outside of the federal government or one of its
                                       contractors.

| **EPA**-53 | **Pages:** 1 | **Subj:** WEST--FBC number | **Date:** 03/28/2003 04:42 PM | **Auth:** RobertJ Wayland/RTP/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Sarah Dunham/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US<br>Bill Maxwell/RTP/USEPA/US | [Email w/o attachment] Internal E-mail discussing appropriate value of fluidized bed combustion ("FBC") number to be used in IPM run.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld document discusses the appropriate value of a variable to be used in an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the | Ex. 5 -- Deliberative Process Privilege | |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-54 | Pages: | 1 | Subj: Re:Hg runs | Date: 03/28/2003 05:35 PM | Auth: RobertJ Wayland/RTP/USEPA/US |
|--------|--------|---|------------------|--------------------------|------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Rob Brenner/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Sally Shaver/RTP/USEPA/US<br>Steve Page/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Lorie Schmidt/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain discussing proposed Hg runs of the IPM.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege The withheld e-mails propose a range of options for regulatory alternatives to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| EPA-55 | Pages: | 2 | Subj: Re: MACT and IPM | Date: 06/17/2003 06:30 PM | Auth: Sarah Dunham/DC/USEPA/US |
|--------|--------|---|------------------------|--------------------------|--------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Ellen Brown | [Email w/o attachment] E-mail chain discussing the use of IPM to evaluate various MACT scenarios.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege The withheld e-mails discuss the use of IPM in evaluating MACT approaches.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05-10450-RCL**

lacked decision-making authority, and the document
contains options to be considered in the Agency's policy
analysis. Release would have a chilling effect on Agency
decision-making processes and cause public confusion
about the reason for an Agency decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| EPA-56 | Pages: | 2 | Subj: ACI removal | Date: | Auth: Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail string concerning Activated Charcoal Injection ("ACI") removal capabilities.   These costs were considered for use in updating IPM ACI equations.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld information provides an analysis of variables used in the IPM.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; materials concerning removal costs withheld. |

| EPA-57 | Pages: | 1 | Subj: results for today's 11 am meeting | Date: 11/04/2003 11:15 AM | Auth: RobertJ Wayland/RTP/USEPA/US |
|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal Email forwarding IPM results to Agency staff..<br><br>Withheld in part. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released; materials concerning removal costs withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Exemption 5 -- deliberative process
The withheld information provides an analysis of IPM
results.  This information is predecisional and
deliberative, because it suggests a number of options to
be considered by Agency decisionmakers.  Policy
evaluation related to the mercury rule was on-going
when the document was drafted, the source lacked
decision-making authority, and the draft contains
variables to be considered in the Agency's policy
analysis. Release would have a chilling effect on Agency
decision-making processes and cause public confusion
about the reason for an Agency decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| EPA-58 | Pages: | 3 | Subj: Re:Looking deeper | Date: 11/06/2003 02:33 PM | Auth: Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Rob Brenner/DC/USEPA/US | [Email w/ attachment] Internal E-mail string forwarding comments concerning IPM run.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld documents contain analyses of an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released: staff analysis withheld. |

| EPA-59 | Pages: | 1 | Subj: results | Date: 11/21/2003 10:32 AM | Auth: Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|

**EPA Vaughn Index for Reilly v. EPA**                                          **C.A. 05-10450-RCL**

| Peter Tsirigotis/RTP/USEPA/US | [Email w/o attachment] Internal E-mail discussing IPM results. (Response to #60.)  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld document discusses a specific IPM result.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| **EPA**-60 | **Pages:** | **Subj:** results | **Date:** 11/20/2003 03:00 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail transmitting initial IPM results.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld document discusses a specific IPM result.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

| **EPA**-61 | **Pages:** | 2 | **Subj:** more results | **Date:** 11/21/2003 03:14 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Ellen Brown/DC/USEPA/US | [Email w/o attachment] Internal E-mail transmitting initial IPM results. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process   The withheld document discusses a specific IPM result.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| **EPA**-62 | **Pages:** | 1 | **Subj:** Memo forwarding draft final working group report on utility MACT | **Date:** 09/16/2003 | **Auth:** Ellen Brown/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Marianne (??)<br>Rob Brenner/DC/USEPA/US<br>Jeff Holmstead/DC/USEPA/US | [Draft document] | Ex. 5 -- Deliberative Process Privilege | |

| **EPA**-63 | **Pages:** | 2 | **Subj:** Alternative MACT floors for IPM runs | **Date:** 02/27/2003 | **Auth:** Unknown |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Draft document] Draft chart (marked "Internal and Deliberative") setting forth various options for IPM runs.  Chart provides and analyzes various floor possibilities to be used in IPM Analyses (response to #39).  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in full.<br>Exemption 5 -- deliberative process   The withheld options discuss a number of possibilities to be used in | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-64 | Pages: | 5 | Subj: Power Sector Mercury Model Run Options | Date: | 03/27/2003 | Auth:  Unknown EPA staff |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Draft document] Draft memorandum discussing Power Sector Mercury Model Run Options. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

Withheld in full.
Exemption 5 -- deliberative process   The withheld memorandum discusses a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-65 | Pages: | 5 | Subj: Draft IPM runs for utility MACT | Date: | 03/26/2003 | Auth:  Unknown EPA staff |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Draft document] 2 Draft runs dated 3/26/03 and | Ex. 5 -- Deliberative Process | E-mail message metadata and |

**EPA Vaughn Index for Reilly v. EPA**                                          **C.A. 05-10450-RCL**

3/27/03  Draft document (marked "Deliberative Document -- Do Not Cite or Quote") discussing draft IPM runs for utility MACT.  Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.                     Privilege                subject line released;  staff analysis withheld.

Withheld in full.
Exemption 5 -- deliberative process   The withheld comments present policy and legal analyses of two draft IPM runs.    This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the documents were drafted, the source lacked decision-making authority, and the drafts contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-66 | Pages: | 2 | Subj: Proposed Scenarios for IPM Modeling on Categorization | Date: | 04/03/2002 | Auth: Unknown EPA staff |
|---|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Draft document] Proposed scenarios for IPM nodeling. Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.<br><br>Withheld in full.<br>Exemption 5 -- deliberative process   The withheld comments present analysis of several scenarios for IPM modeling.    This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld informations contains variables and options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

| **EPA-**67 | **Pages:** 2 | **Subj:** ACI removal | **Date:** 09/12/2003 09:57 AM | **Auth:** Maryjo Krolewski/DC/USEPA/US |

**Recipients**
RobertJ Wayland/RTP/USEPA/US
Sam Napolitano/DC/USEPA/US
Ellen Brown/DC/USEPA/US
Sarah Dunham/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail string concerning ACI removal capabilities.   Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld comments present policy analyses of ACI removal capabilities as used in the IPM model.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the documents were drafted, the source lacked decision-making authority, and the documents contain options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis withheld.

| **EPA-68** | **Pages:** 1 | **Subj:** Breakout by coal type | **Date:** 11/05/2003 06:14 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |

**Recipients**
Ellen Brown/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail transmitting data broken down by coal type .  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process   The withheld document presents analysis of data organized by varying parameter.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis withheld.

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05–10450-RCL**

public confusion about the reason for an Agency
decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| EPA-69 | Pages: | 1 | Subj: Specs for run | Date: 10/03/2003 02:52 PM | Auth: Maryjo Krolewski/DC/USEPA/US |
|--------|--------|---|---------------------|---------------------------|------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Boddu Venkatesh<br>ICF Consulting | [Email w/o attachment] E-mail chain forwarding specifications for a MACT run.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails provides specifications to be used in A MACT run.   This informion is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; specifications withheld |

| EPA-70 | Pages: | 3 | Subj: retrofits | Date: 10/24/2005 12:40 PM | Auth: Maryjo Krolewski/DC/USEPA/US |
|--------|--------|---|-----------------|---------------------------|------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US | [Email w/o attachment] 3 internal e-mails (one page each) containing additional assumptions regarding the IPM database.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege The withheld e-mails propose parameters which incorporate pollution control technologies (retrofits) to reduce harmful emissions.  This information is predecisional | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analyses withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                                **C.A. 05-10450-RCL**

and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**71 | **Pages:** 1 | **Subj:** results | **Date:** 11/03/2005 04:52 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
| --- | --- | --- | --- | --- |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Sarah Dunham/DC/USEPA/US | [Email w/o attachment] Internal e-mail forwarding run specifications and results for the IPM. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br>Withheld in part.<br><br>Exemption 5 -- deliberative process   The withheld document discusses specific IPM run specifications and results.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains options and variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| **EPA-**72 | **Pages:** 2 | **Subj:** EPA216_MKACT_10b | **Date:** 11/05/2003 04:38 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
| --- | --- | --- | --- | --- |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Boddu Venkatesh<br>ICF Consulting | [Email w/o attachment] 2 e-mails to Agency contractor forwarding specifications to be included in IPM runs. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part
Exemption 5 -- deliberative process   The withheld options discuss a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the documents were drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

analysis withheld.

| EPA-73 | Pages: | 1 | Subj: Revised Mercury rates | Date: 11/13/2003 02:22 PM | Auth: Maryjo Krolewski/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>Sarah Dunham/DC/USEPA/US | [Email w/o attachment] Internal E-mail forwarding revised mercury rates.   Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

Withheld in part.
Exemption 5 -- deliberative process
The withheld e-mails provides mercury rate specifications to be used in an IPM run.   This informion is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05–10450-RCL**

contractors

| **EPA-**74 | **Pages:** | 1 | **Subj:** new Hg runs | **Date:** 11/17/2003 05:39 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Boddu Venkatesh<br>ICF Consulting | [Email w/o attachment] E-mail to EPA contractor including specifications for a new MACT run and a new Hg Trading run.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail provides specifications to be used in A MACT run and a Hg Trading run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; employee analysis withheld |

| **EPA-**75 | **Pages:** | 1 | **Subj:** parsing | **Date:** 11/19/2003 04:33 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Boddu Venkatesh<br>ICF consulting | [Email w/o attachment] Internal E-mail forwarding specifications for a MACT run.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail provides specifications to be used in a MACT run.   This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-76 | Pages: | 2 | Subj: | EPQ216_MACT_11 MACT | Date: | 11/21/2003 10:00 AM | Auth: Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Boddu Venkatesh<br>ICF Consulting | [Email w/o attachment] E-mail to EPA contractor forwarding specifications for a MACT run.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail provides specifications to be used in a MACT run.   This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| EPA-77 | Pages: | 1 | Subj: | MACT11 | Date: | 12/15/2003 02:37 PM | Auth: Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|---|---|

| Recipients | Description | Exemption | Release/With Status Exp |
|---|---|---|---|
| Boddu Venkatesh<br>ICF Consulting<br>Gregory Williams | [Email w/o attachment] Internal E-mail forwarding question related to MACT results.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail seeks additional information about a MACT IPM result  This information is predecisional | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff question withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                                   **C.A. 05-10450-RCL**

and deliberative, because it suggests a number of
options to be considered by Agency decisionmakers.
Policy evaluation related to the mercury rule was
on-going when the document was drafted, the source
lacked decision-making authority, and the document
contains variables to be considered in the Agency's
policy analysis. Release would have a chilling effect on
Agency decision-making processes and cause public
confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| **EPA**-78 | **Pages:** | 1 | **Subj:** 1999 coal use | **Date:** 12/19/2005 04:02 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Roman Kramarchuk USEPA | [Email w/o attachment] Internal E-mail forwarding<br>question related to MACT results.   Prepared as part of<br>EPA's evaluation of policy options related to the<br>mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail seeks additional information about<br>a MACT IPM result  This information is predecisional<br>and deliberative, because it suggests a number of<br>options to be considered by Agency decisionmakers.<br>Policy evaluation related to the mercury rule was<br>on-going when the document was drafted, the source<br>lacked decision-making authority, and the document<br>contains options to be considered in the Agency's policy<br>analysis. Release would have a chilling effect on Agency<br>decision-making processes and cause public confusion<br>about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the<br>best of our knowledge, document has not been shared<br>outside of the federal government or one of its<br>contractors. | Ex. 5 -- Deliberative Process<br>Privilege | E-mail message metadata and<br>subject line released; staff<br>question withheld. |

| **EPA**-79 | **Pages:** | 1 | **Subj:** most recent cost/impacts memo | **Date:** 12/19/2005 05:26 PM | **Auth:** Maryjo Krolewski/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Roman Kramarchuk USEPA | [Email w/o attachment] Internal E-mail forwarding<br>information related to draft memo.   Prepared as part<br>of EPA's evaluation of policy options related to the | Ex. 5 -- Deliberative Process<br>Privilege | E-mail message metadata and<br>subject line released; staff<br>deliberations withheld. |

mercury rule.

Withheld in part.
Exemption 5 -- deliberative process
The withheld e-mail discusses internal deliberations related to a draft memorandum.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-80 | Pages: | 2 | Subj: web ready runs | Date: 01/27/2004 02:43 PM | Auth: Maryjo Krolewski/DC/USEPA/US |
|--------|--------|---|----------------------|---------------------------|-------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Boddu Venkatesh<br>ICF Consulting<br>Meghan McGuinness/DC/USEPA/US<br>Roman Kramarchuk EPA | [Email w/o attachment] 2 one-page e-mails to Agency contractor.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails provides specifications to be used in A MACT IPM run.   This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; specifications withheld |

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05–10450-RCL**

| **EPA**-81 | **Pages:** 1 | **Subj:** Floor | **Date:** 10/21/2003 07:55 AM | **Auth:** Bill Maxwell/RTP/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Maryjo Krolewski/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US | [Email w/o attachment] Internal E-mail discussing appropriate floor levels for IPM.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process The withheld e-mail provides analysis of the floor levels used in the IPM. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; discussion withheld |

| **EPA-82** | **Pages:** 3 | **Subj:** Mercury control technology discussion with House Science committee staff | **Date:** 09/11/2003 01:12 PM | **Auth:** Ellen Brown/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| RobertJ Wayland/RTP/USEPA/US<br>Ravi Srivastava/RTP/USEPA/US<br>Bob Hall/RTP/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] Internal E-mail chain concerning discussion with the Environment Subcommittee about mercury emission control technologies.  Includes an employee summary of matters discussed with Congressional staffer and answers that were provided.    Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process privilege The withheld e-mails contain internal discussions of information provided to the Congress on the subject of mercury emission control technologies.  This information is predecisional and deliberative, because it discusses rulemaking options to be considered by | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05-10450-RCL**

Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the withheld information contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-83 | **Pages:** | 1 | **Subj:** Percentages | **Date:** 10/29/2003 03:02 PM | **Auth:** Sarah Dunham/DC/USEPA/US |
| --- | --- | --- | --- | --- | --- |

**Recipients**
Bill Maxwell/RTP/USEPA/US
Maryjo Krolewski/DC/USEPA/US
RobertJ Wayland/RTP/USEPA/US

**Description**
[Email w/o attachment] 2 Internal E-mails discussing appropriate percentage reduction levels to be used as the basis for the MACT floor.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process The withheld e-mails provide analysis of the floor levels used in the IPM.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analyses withheld.

| **EPA**-84 | **Pages:** | 1 | **Subj:** Spreadsheet | **Date:** 10/31/2003 09:28 AM | **Auth:** Bill Maxwell/RTP/USEPA/US |
| --- | --- | --- | --- | --- | --- |

**Recipients**
Bill Wehrum/DC/USEPA/US
Jeff Holmstead/DC/USEPA/US
Ellen Brown/DC/USEPA/US
Rob Brenner/DC/USEPA/US

**Description**
[Email w/o attachment] E-mail chain forwarding specifications for an IPM run.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released; staff analysis withheld.

**EPA Vaughn Index for Reilly v. EPA**                                              **C.A. 05–10450-RCL**

RobertJ Wayland/RTP/USEPA/US
Steve Page/RTP/USEPA/US               Withheld in part.
Sally Shaver/RTP/USEPA/US             Exemption 5 -- deliberative process
Gregory Green/RTP/USEPA/US            The withheld e-mails provides specifications to be used
Lorie Schmidt/DC/USEPA/US             in A MACT run.   This informion is predecisional and
Maryjo Krolewski/DC/USEPA/US          deliberative, because it suggests a number of options to
NancyH Wilson/DC/USEPA/US             be considered by Agency decisionmakers.  Policy
Don Zinger/DC/USEPA/US                evaluation related to the mercury rule was on-going
Patricia Embrey/DC/USEPA/UST          when the document was drafted, the source lacked
Peter Tsirigotis/RTP/USEPA/US         decision-making authority, and the withheld
Lisa Friedman EPA                     information contains variables to be considered in the
Sarah Dunham/DC/USEPA/US              Agency's policy analysis. Release would have a chilling
Stephanie Daigle/DC/USEPA/US          effect on Agency decision-making processes and cause
Alexander Cristofaro/DC/USEPA/US      public confusion about the reason for an Agency
Rick Vetter/RTP/USEPA/US              decision.
Lydia Wegman/RTP/USEPA/US
Brian Mclean/DC/USEPA/US              No other reasonably segregable information.  To the
Penny Lassiter/RTP/USEPA/US           best of our knowledge, document has not been shared
                                      outside of the federal government or one of its
                                      contractors.

| **EPA**-85 | **Pages:** 3 | **Subj:** EPA216_MACT_1d and EPA216_MACT_11-Pechan Parsed Files | **Date:** 12/02/2003 05:15 PM | **Auth:** Boddu Venkatesh ICF Consulting |
| --- | --- | --- | --- | --- |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Maryjo Krolewski/DC/USEPA/US Juanita Haydel ICF Consulting Kiel Quatch ICF Consulting Gregory Williams ICF Consulting Gene-Hua Sun/DC/USEPA/US | [Email w/o attachment] 3 1 page e-mails between EPA staff and Agency contractor forwarding results from MACT IPM runs with different variables.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails forward the results of IPM runs. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers depending on the use of different variables.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; text of e-mails withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                                      **C.A. 05-10450-RCL**

outside of the federal government or one of its
contractors.

| **EPA**-86 | **Pages:** 3 | **Subj:** NPV Analyses -- EPA216_PM_29a and EPA 216_PM_54 | **Date:** 02/02/2004 06:01 PM | **Auth:** Boddu Venkatesh ICF Consulting |
|---|---|---|---|---|

**Recipients**
Maryjo Krolewski/DC/USEPA/US
Juanita Haydel ICF Consulting
Gregory Williams ICF Consulting
Gene-Hua Sun/DC/USEPA/US

**Description**
[Email w/o attachment] 3 one-page e-mails from EPA
contractor releasing the results of IPM runs with
different variables.
Prepared as part of EPA's evaluation of policy options
related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process
The withheld e-mails forward the results of IPM runs.
This information is predecisional and deliberative,
because it suggests a number of options to be
considered by Agency decisionmakers depending on the
use of different variables.  Policy evaluation related to
the mercury rule was on-going when the document was
drafted, the source lacked decision-making authority,
and the document contains options to be considered in
the Agency's policy analysis. Release would have a
chilling effect on Agency decision-making processes and
cause public confusion about the reason for an Agency
decision.

No other reasonably segregable information.  To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

**Exemption**
Ex. 5 -- Deliberative Process
Privilege

**Release/With Status Exp**
E-mail message metadata and
subject line released; text of
e-mails withheld.

| **EPA**-87 | **Pages:** | **Subj:** Municipal Numbers | **Date:** 12/14/2003 01:43 PM | **Auth:** Gregory Adams ICF Consulting |
|---|---|---|---|---|

**Recipients**
Maryjo Krolewski/DC/USEPA/US
Barry Galef ICF Consulting

**Description**
[Email w/o attachment] E-mail from contractor
forwarding municipal numbers to be used in plants
requiring Hg control.  Prepared as part of EPA's
evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process
The withheld information provides variables to be used
in the IPM. This information is predecisional and
deliberative, because it suggests a number of options to
be considered by Agency decisionmakers.  Policy
evaluation related to the mercury rule was on-going

**Exemption**
Ex. 5 -- Deliberative Process
Privilege

**Release/With Status Exp**
E-mail message metadata and
subject line released; contractor
analysis withheld.

**EPA Vaughn Index for Reilly v. EPA**                                          **C.A. 05-10450-RCL**

when the document was drafted, the source lacked decision-making authority, and the e-mail contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-88 | Pages: | 1 | Subj: Annual Costs of Using ACI | Date: 12/10/2003 04:28 PM | Auth: Barry Galef ICF Consulting |
|--------|--------|---|--------------------------------|---------------------------|----------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Maryjo Krolewski/DC/USEPA/US<br>Gregory Admas ICF Consulting<br>Kevin Culligan/DC/USEPA/US<br>Gene-Hua Sun/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US | [Email w/o attachment] E-mail from Agency contractor providing draft language concerning the costs of using activated carbon injection ("ACI).E-mail chain concerning ACI removal costs. These costs were considered for use in updating IPM ACI equations. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld information provides an analysis of cost variables used in the IPM. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document includes variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; contractor analysis withheld. |

| EPA-89 | Pages: | 1 | Subj: E-mail transmitting Draft Action Memo | Date: 12/11/2003 06:03 PM | Auth: Bill Maxwell/RTP/USEPA/US |
|--------|--------|---|---------------------------------------------|---------------------------|----------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Sarah Dunham/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] Internal E-mail transmitting a draft cost memo from an Agency contractor. Prepared | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released;staff |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

Larry Sorrels/RTP/USEPA/US          as part of EPA's evaluation of policy options related to          analysis withheld.
RobertJ Wayland/RTP/USEPA/US        the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process
The withheld information provides an analysis of cost
estimates used in the IPM. This information is
predecisional and deliberative, because it suggests a
number of options to be considered by Agency
decisionmakers. Policy evaluation related to the
mercury rule was on-going when the document was
drafted, the source lacked decision-making authority,
and the document contains variables to be considered
in the Agency's policy analysis. Release would have a
chilling effect on Agency decision-making processes and
cause public confusion about the reason for an Agency
decision.

No other reasonably segregable information. To the
best of our knowledge, document has not been shared
outside of the federal government or one of its
contractors.

| **EPA-**90 | **Pages:** 1 | **Subj:** Definition of Small Entity for Hg MACT and Transport Rule SBREFAs | **Date:** 12/12/2003 11:23 AM | **Auth:** Barry Galef ICF Consulting |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Gregory Adams ICF Consulting<br>Kevin Culligan/DC/USEPA/US<br>Gene-Hua Sun/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US | [Email w/ attachment] E-mail from EPA consultant seeking clarification of terms used in analysis. The withheld e-mail provides a discussion concerning a number of terms used in analysis and provides hypothetical responses  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>This information is predecisional and deliberative, because it comments on a possible options concerning the interpretation of certain terms used in analysis. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information. To the | Ex. 5 -- Deliberative Process Privilege | |

**EPA Vaughn Index for Reilly v. EPA**                                      **C.A. 05-10450-RCL**

best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**91 | **Pages:** 1 | **Subj:** Western Small Entity Hg Costs | **Date:** 12/15/2003 12:55 PM | **Auth:** Gregory Adams ICF Consulting |

**Recipients**
Barry Galef ICF Consulting
Maryjo Krolewski/DC/USEPA/US

**Description**
[Email w/o attachment] E-mail from EPA contractor forwarding additional information for plants partially owned by small entities (Follow-up to #15)    Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deoliberative process
This withheld e-mail forwards additonal information concerning small entities. This information is predecisional and deliberative, because it comments on a possible approach concerning variables to be used in the IPM.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata released: analysis withheld.

| **EPA-**92 | **Pages:** 1 | **Subj:** Final memos for utility docket | **Date:** 12/16/2003 08:05 AM | **Auth:** Bill Maxwell/RTP/USEPA/US |

**Recipients**
Maryjo Krolewski/DC/USEPA/US
Larry Sorrels/RTP/USEPA/US
RobertJ Wayland/RTP/USEPA/US
Bryan Hubbell/RTP/USEPA/US
Ron Evans/RTP/USEPA/US
Sarah Dunham/DC/USEPA/US
Bill Wehrum/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail from EPA Research Triangle Park (RTP) staff concerning information to be placed in the public utility docket.

Withheld in part.
Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket.  The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released: discussions between OGC and OPEI staff withheld.

**EPA Vaughn Index for Reilly v. EPA**                                           **C.A. 05-10450-RCL**

chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, the document has not been shared outside of the federal government or one of its contractors.

| EPA-93 | Pages: | 1 | Subj: Revised MACT economic analysis memo | Date: | 12/16/2003 06:31 PM | Auth: Sarah Dunham/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Jeff Holmstead/DC/USEPA/US<br>Bill Wehrum/DC/USEPA/US<br>Ron Evans/RTP/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>Bill Maxwell/RTP/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US | [Email w/o attachment] Internal E-mail forwarding Revised MACT economic analysis memo.  E-mail describes and comments on changes made to prior version of memo by EPA staff.   Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  Information from this analysis was used to inform policy or rule development. The document is predecisional and deliberative, because development of the rule was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only proposed language. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff analysis withheld. |

| EPA-94 | Pages: | 2 | Subj: Remaining Items | Date: | 12/19/2003 06:23 PM | Auth: RobertJ Wayland/RTP/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Amy_L._Farrell OMB<br>Bill Wehrum/DC/USEPA/US<br>Edmond_Toy OMB<br>Paul R. Noe OMB<br>Jeff Holmstead/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] E-mail responding to OMB request seeking information for their review.  E-mail includes OMB request.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>This information is predecisional and deliberative, | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata released: p.2 withheld |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

because it suggests a possible Agency position as well as Agency positions taken with OMB.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-95 | Pages: 2 | Subj: A few more mercury SNPR documents | Date: 01/29/2004 07:50 AM | Auth: Bill Wehrum/DC/USEPA/US |

**Recipients**
RobertJ Wayland/RTP/USEPA/US
Maryjo Krolewski/DC/USEPA/US
Bill Maxwell/RTP/USEPA/US
Jim Eddinger/RTP/USEPA/US
Sally Shaver/RTP/USEPA/US
Howard Hoffman/DC/USEPA/US
Richard Ossias/DC/USEPA/US
Rick Vetter/RTP/USEPA/US
Nancy Dunham/DC/USEPA/US

**Description**
[Email w/o attachment] Internal E-mail chain (including e-mails to OGC) suggesting changes to the Supplemental Notice of Proposed Rulemaking ("SNPR") prior to submission to OMB.  Prepared as part of EPA's evaluation of legal and policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process related to the submission of the SNPR to OMB.  The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OAR staff and suggest specific changes to an OAR document. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA. To the extent that these documents contain confidential legal discussions between Government

**Exemption**
Ex. 5 -- Deliberative Process Privilege
Ex. 5 -- Attorney Client Privilege

**Release/With Status Exp**
E-mail message metadata and subject line released:  all other information withheld

**EPA Vaughn Index for Reilly v. EPA**                                      **C.A. 05-10450-RCL**

attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-96 | **Pages:** | 1 | **Subj:** Hg Trading with IAQR --2020 parsed | **Date:** 02/12/2004 04:52 PM | **Auth:** David Schmeltz/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] Internal E-mail discussing Hg trading with the Interstate Air Quality Rule (IAQR). The e-mail questions a number used in an IPM run. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails discuss the correctness of a value used in an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; employee analysis withheld |

| **EPA**-97 | **Pages:** | 2 | **Subj:** Problem with IPM run 216_PM_54_2020 IAQR +HG trade | **Date:** 02/25/2004 03:24 PM | **Auth:** David Schmeltz |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] Internal e-mail chain questioning a value included in an IPM run.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails discuss the correctness of a value | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; employee analysis withheld |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

used in an IPM run.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-98 | Pages: 1 | Subj: Summary of IPM Mercury Emissions Data -- IAQR + mercury trading 2020 | Date: 02/27/2004 03:06 PM | Auth: David Schmeltz/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Dave Guinnup/RTP/USEPA/US<br>Johnd Bachmann/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Tamara Saltman/DC/USEPA/US<br>Amy Kinner/DC/USEPA/US<br>Suzanne Young/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Roman Kramarchuk<br>Sarah Dunham/DC/USEPA/US<br>Rona Birnbaum/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US | [Email w/o attachment] Internal E-mail between OAR staff  transmitting slides summarizing IPM projected mercury data. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br> The withheld e-mail discusses a draft data summary to be used in analysing different policy options concerning the mercury rule.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the slides were drafted, the source lacked decision-making authority, and the slide contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; employee discussion of draft materials withheld. |

| EPA-99 | Pages: 3 | Subj: EPA216_PM_61 | Date: 03/02/2004 10:10 AM | Auth: Boddu Venkatesh<br>ICF Consulting |
|---|---|---|---|---|

**EPA Vaughn Index for Reilly v. EPA**                                                **C.A. 05-10450-RCL**

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Juanita Haydel ICF Consulting<br>Gregory Williams ICF Consulting<br>Gene-Hua Sun/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Kiet Quach ICF Consulting | [Email w/o attachment] E-mail string between EPA contractors concerning rerun of a specific IPM run. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mails discuss the rerunning of an IPM run using a different variable. This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers. Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the e-mail contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; text of e-mails withheld. |

| **EPA**-100 | **Pages:** 1 | **Subj:** economic memo | **Date:** 03/04/2004 10:16 AM | **Auth:** Alexander Cristofaro/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Jessica Furey EPA<br>Rob Brenner/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Brian Mclean/DC/USEPA/US | [Email w/o attachment] E-mail from Office of Policy, Economics and Information (OPEI) staff to CAMD staff concerning information to be placed in the public docket.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process. This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket for the mercury rule. The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information. To the | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; policy discussion withheld. |

best of our knowledge, this document has not been
shared outside of the federal government or one of its
contractors

| **EPA**-101 | **Pages:** 1 | **Subj:** Update of Hg Base Case and Trading Case Materials | **Date:** 03/04/2004 11:08 PM | **Auth:** David Schmeltz/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US<br>Sarah Dunham/DC/USEPA/US<br>Rona Birnbaum/DC/USEPA/US | [Email w/o attachment] Internal E-mail  forwarding draft mercury near waterbody emissions summary.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process<br>The withheld e-mail provides updated draft material. This draft information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; employee analysis withheld |

| **EPA**-102 | **Pages:** 2 | **Subj:** Re: Draft SNPR memo for docket: Summary of Projected Mercury Emissions Near Waterbodies | **Date:** 03/05/2004 08:17 AM | **Auth:** Johnd Bachmann/RTP/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Howard Hoffman/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US<br>Dave Guinnup/RTP/USEPA/US<br>Ellen Brown/DC/USEPA/US<br>Tamara Saltman/DC/USEPA/US<br>Suzanne Young/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Roman Kramarchuk<br>Sarah Dunham/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>David Schmeltz/DC/USEPA/US | [Email w/o attachment] Internal e-mail communication between EPA RTP (research Triangle Park) staff and OGC attorney responding to OGC questions concerning information to be placed in the public docket: e-mail includes e-mail from OGC presenting questions.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket for the mercury rule.  The responses to OGC questions are predecisional | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message metadata and subject line released; discussions between OGC and RTP staff withheld |

**EPA Vaughn Index for Reilly v. EPA**                                     **C.A. 05-10450-RCL**

Alexander Cristofaro/DC/USEPA/US
Richard Ossias/DC/USEPA/US
Rick Vetter/RTP/USEPA/US
Jason Burnett/DC/USEPA/US
Meghan McGuinness/DC/USEPA/US
Melanie LaCount/DC/USEPA/US

and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and EPA staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.

To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion.   To the best of our knowledge, the document has not been shared outside of the federal government or one of its contractors.

| **EPA**-103 | **Pages:** | 1 | **Subj:** Summary chart for your review | **Date:** 03/17/2004 10:14 AM | **Auth:** Jason Burnett/DC/USEPA/US |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Sarah Dunham/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Meghan McGuinness/DC/USEPA/US<br>Rob Brenner/DC/USEPA/US | [Email w/o attachment] Internal e-mail forwarding a summary chart of various options to EPA staff for review.  Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in full.<br>Exemption 5 -- deliberative process   The withheld e-mail discusses various options related to the promulgation of the mercury rule.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the draft contains variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; policy options withheld. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

decision.

No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-104 | Pages: 3 | Subj: Re:SNPR memos for docket -- need some info | Date: 03/05/2004 04:13 PM | Auth: Sarah Dunham/DC/USEPA/US |
|---------|----------|---------|---------|---------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|----------------------------|
| Howard Hoffman/DC/USEPA/US<br>David Schmeltz/DC/USEPA/US<br>Maryjo Krolewski/DC/USEPA/US<br>Richard Ossias/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>Bill Wehrum/DC/USEPA/US<br>Jason Burnett/DC/USEPA/US<br>RobertJ Wayland/RTP/USEPA/US<br>Lisa Friedman | [Email w/o attachment] Internal E-mail from program answering questions posed by OGC attorney.  E-mail from Clean Air Markets Division (CAMD) staff responding to OGC questions concerning information to be placed in the public docket: e-mail includes e-mail from OGC posing the questions.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket for the mercury rule.  The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and CAMD staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.<br><br>To the best of our knowledge, the document has not been shared outside of the federal government or one of its contractors.  To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message metadata and subject line released; discussions between OGC and CAMD staff withheld |

**EPA Vaughn Index for Reilly v. EPA**                                                    **C.A. 05-10450-RCL**

determined not to be confidential legal discussion.

| EPA-105 | Pages: 1 | Subj: SNPR Memos for Docket -- need some info | Date: 03/08/2004 12:28 PM | Auth: Alexander Cristofaro/DC/USEPA/US |
|---------|----------|---------|------|------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Howard Hoffman/DC/USEPA/US<br>Richard Ossias/DC/USEPA/US<br>Lisa Friedman EPA OGC | [Email w/o attachment] E-mail from Office of Policy, Economics and Information (OPEI) staff responding to OGC question concerning information to be placed in the public docket: e-mail includes e-mail from OGC posing the question.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket for the mercury rule.  The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OPEI staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.<br><br>To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion.   To the best of our knowledge, the document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message metadata and subject line released; discussions between OGC and OPEI staff withheld. |

| EPA-106 | Pages: 2 | Subj: SNPR memos for docket -- need some info | Date: 03/05/2004 04:00 PM | Auth: Alexander Cristofaro/DC/USEPA/US |
|---------|----------|---------|------|------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

| | | | |
|---|---|---|---|
| Howard Hoffman/DC/USEPA/US Richard Ossias/DC/USEPA/US Lisa Friedman | [Email w/o attachment] E-mail from Office of Policy, Economics and Information (OPEI) staff responding to OGC question concerning information to be placed in the public docket.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process. This e-mail was part of an ongoing decisionmaking process related to the creation of the public record/docket for the mercury rule. The responses to OGC questions are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.<br><br>Exemption 5 – attorney-client privilege Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OPEI staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.<br><br>To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld. Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors<br><br>. | Ex. 5 -- Deliberative Process Privilege Ex. 5 -- Attorney Client Privilege | E-mail message metadata and subject line released: policy and legal discussions withheld. |

| **EPA-**107 | **Pages:** 1 | **Subj:** Re: Draft of Outline to Focus Discussions with Jessica Furey on Preparing a briefing on Hg Communications with the DA -- need comments back by 11:30 please | **Date:** 03/08/2004 12:29 PM | **Auth:** Sam Napolitano/DC/USEPA/US |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Maryjo Krolewski/DC/USEPA/US Rick Vetter/RTP/USEPA/US | [Email w/o attachment] E-mail from CAMD staff to OFfice of General Council (OGC) answering a question | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released: policy |

concerning a memo prepared by that office.  Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  This discussion was part of the ongoing consideration of different options related to the mercury ruloe.The policy options are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OPEI staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.

To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

Ex. 5 -- Attorney Client Privilege

options withheld.

| EPA-108 | Pages: | 2 | Subj: Status of Mercury Proposal Record: Re Small Hg Releasers | Date: 03/18/2004 04:05 PM | Auth: Sarah Dunham/DC/USEPA/US |
|---|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| RobertJ Wayland/RTP/USEPA/US<br>Bill Wehrum/DC/USEPA/US<br>Sam Napolitano/DC/USEPA/US<br>Howard Hoffman/DC/USEPA/US<br>Jason Burnett/DC/USEPA/US | [Email w/o attachment] Internal e-mail string discussing a Small Business Administration (SBA) Proposal related to the mercury rule.  Prepared as part of EPA's evaluation of policy and legal options related to the mercury rule.<br><br>Withheld in part.<br>Exemption 5 -- deliberative process.  The discussions of possible responses to the SBA proposal  are | Ex. 5 -- Deliberative Process Privilege<br>Ex. 5 -- Attorney Client Privilege | E-mail message metadata and subject line released; policy options withheld. |

predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

Exemption 5 – attorney-client privilege  Such documents or portions of documents contain or summarize confidential legal discussions between OGC attorneys and OPEI staff. Such documents contain the candid opinions, analyses, and recommendations of Agency personnel regarding the legal defensibility of alternative courses of action under consideration by EPA.

To the extent that these documents contain confidential legal discussions between Government attorneys and their client(s), such information was withheld.  Certain other information contained in certain of these documents has been released to the requestor because such information was determined not to be confidential legal discussion.   No other reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA-**109 | **Pages:** 16 | **Subj:** Memorandum entitled "Draft supplemental economic and energy analysis for the Proposed Mercury Trading and Interstate Air Quality Rules" | **Date:** 03/10/2004 | **Auth:** EPA Clean Air Markets Division |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| Docket | [Draft document] Early version of memo by EPA staff, containing a supplemental analysis of an IPM run. Prepared as part of EPA's evaluation of policy options related to the mercury rule.<br><br>Withheld in full.<br>Exemption 5 -- deliberative process<br>Information from this analysis was used to inform policy or rule development. The document is predecisional and deliberative, because development of the rule was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only proposed language. Release would | Ex. 5 -- Deliberative Process Privilege | Withheld in full. |

**EPA Vaughn Index for Reilly v. EPA**                                    **C.A. 05-10450-RCL**

have a chilling effect on Agency decision-making
processes and cause public confusion about the reason
for an Agency decision.  To the best of our knowledge,
document has not been shared outside of the federal
government or one of its contractors.

| **EPA**-110 | **Pages:** 15 | **Subj:** Draft supplemental economic and energy analysis for the Proposed Mercury Trading and Interstate Air Quality Rules | **Date:** 02/24/2004 | **Auth:** EPA Clean Air Markets Division |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| Docket | [Draft document] Draft supplemental economic and energy analysis for the Proposed Mercury Trading and Interstate Air Quality Rules.<br><br>Withheld in full.<br>Exemption 5 -- deliberative process<br>Early version of memo by EPA staff, containing a supplemental analysis of an IPM run.  Information from this analysis was used to inform policy or rule development. The document is predecisional and deliberative, because development of the rule was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only proposed language. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | |

| **EPA**-111 | **Pages:** 11 | **Subj:** Preliminary Results of Analysis of Propsed Mercury Trading Rule | **Date:** 03/11/2004 | **Auth:** EPA Clean Air Market Division |

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
| --- | --- | --- | --- |
| | [Briefing paper] Withheld in full.<br>Exemption 5 -- deliberative process<br>Draft version of multimedia presentation by EPA staff, containing analysis of proposed mercury trading rule. Information from this analysis was used to inform policy or rule development. The document is predecisional and deliberative, because development of the rule was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only proposed language. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason | Ex. 5 -- Deliberative Process Privilege | |

**EPA Vaughn Index for Reilly v. EPA**                                   **C.A. 05-10450-RCL**

for an Agency decision.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-112 | **Pages:** 3 | **Subj:** Mercury Emissions Summary for the Proposed Mercury Trading and Interstatre Air Quality Rules | **Date:** 03/03/2004 | **Auth:** EPA Clean Air Markets Division |
|---|---|---|---|---|

**Recipients**
Docket

**Description**
[Draft document]
Early version of memo by EPA staff, containing a supplemental summary and analysis of an IPM run. Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Exemption 5 -- deliberative process privilege
Withheld in full.   Information from this analysis was used to inform policy or rule development. The document is predecisional and deliberative, because development of the rule was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only proposed language. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**

| **EPA**-113 | **Pages:** 21 | **Subj:** Draft Presentation entitled "Taking a Closer Look at IPM Mercury Emissions Outputs" | **Date:** 03/31/2004 | **Auth:** Meghan McGuiness |
|---|---|---|---|---|

**Recipients**

**Description**
[Briefing paper] Draft of multimedia presentation prepared by Meghan McGuiness, Environmental Specialist, CAMD/OAP/OAR, US EPA.

Withheld in full.
Exemption 5 -- deliberative process
Draft version of multimedia presentation by EPA staff containing analysis related to proposed mercury trading rule.  Information from this analysis was used to inform policy or rule development.  Briefing material was generated by EPA staff and does not reflect official EPA policy.  Document is predecisional and deliberative, because the decision-making process was still on-going when the document was drafted, the drafter lacked

**Exemption**
Ex. 5 -- Deliberative Process Privilege

**Release/With Status Exp**

decision-making authority, and the draft contains only staff recommendations and analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.  This draft does not contain any reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-114 | **Pages:**  18 | **Subj:** Handwritten staff notes covering 2003 meetings held between Air staff 1/23,3/3,3/25,3/31,4/10,10/2,10/14,10/23,10/24, 10/30-31, 11/3/11/18,12/16 | **Date:** | **Auth:**  EPA personnel |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Handwritten Notes] Notes generated by EPA staff and containing personal mental impressions of meetings held in 2003.<br>Withheld in full.<br>Exemption 5 – deliberative process privilege.  The notes do not reflect official EPA policy.  They are predecisional and deliberative, because the project was on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only staff impressions and comments. Release would have a chilling effect on Agency decision making processes and cause public confusion about the reason for an Agency decision.  These notes do not contain any reasonably segregable information.  To the best of our knowledge, this document has not been shared outside of the federal government or one of its contractors. | Ex. 5 -- Deliberative Process Privilege | |

| **EPA**-115 | **Pages:** | **Subj:** IPM Run Outputs for two alternative MACT options | **Date:** | **Auth:** |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Other] For each option, 5 computer output files, about 2 MB in total zipped size. IPM run used to   evaluate the MACT approach.  These runs were not relied upon by EPA in promulgating the CAMR.<br><br>Withheld in Full<br> Exemption 5 -- deliberative process<br> These documents are pre-decisional because | Ex. 5 -- Deliberative Process Privilege | Withheld in full |

development of the CAMR, including IPM analysis, was on-going at the time of these runs; the runs were created before the publication of the rule in May 2005 and EPA's underlying decision-making process was ongoing at the time the runs were created.  Each run of the IPM, in its choice of specific variables and use of certain projections, reveals issues that CAMD considered important in the rulemaking process. Release of runs not relied on by the Agency would provide clues to the Agency's deliberations prior to rulemaking.   Release of this information could compromise future Agency deliberations and cause public confusion about the reasons behind EPA's decision-making process.

There is no segregable factual information that could be released without revealing protected pre-decisional and deliberative information at the expense of EPA's decision-making process. To the best of our knowledge, this document has not been shared outside of the federal government or one of its contractors.

| EPA-116 | Pages: | Subj: IPM Run Outputs for Hg Trading option | Date: | Auth: |
|---------|--------|---------------------------------------------|-------|-------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| | [Other] 5 computer output files, about 2 MB in total ripped size.  2 spreadsheet files, ahbout 6 MB in size for each file | Ex. 5 -- Deliberative Process Privilege | Withheld in full |

Withheld in Full
Exemption 5 -- deliberative process
These documents are pre-decisional because development of the CAMR, including IPM analysis, was on-going at the time of these runs; the runs were created before the publication of the rule in May 2005 and EPA's underlying decision-making process was ongoing at the time the runs were created.  Each run of the IPM, in its choice of specific variables and use of certain projections, reveals issues that CAMD considered important in the rulemaking process. Release of runs not relied on by the Agency would provide clues to the Agency's deliberations prior to rulemaking.   Release of this information could compromise future Agency deliberations and cause public confusion about the reasons behind EPA's decision-making process.

**EPA Vaughn Index for Reilly v. EPA**                                   **C.A. 05–10450-RCL**

There is no segregable factual information that could be released without revealing protected pre-decisional and deliberative information at the expense of EPA's decision-making process. To the best of our knowledge, this document has not been shared outside of the federal government or one of its contractors.

| **EPA**-117 | **Pages:** 11 | **Subj:** Draft presentation entitled "Preliminary Results of Analysis of Proposed Mercury Trading Rule" | **Date:** 03/11/2004 | **Auth:** |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Briefing paper] Draft of multimedia presentation prepared by EPA staff. | Ex. 5 -- Deliberative Process Privilege | |

Withheld in full.
Exemption 5 -- deliberative process
Draft version of multimedia presentation by EPA staff containing analysis related to proposed mercury trading rule.  Information from this analysis was used to inform policy or rule development.  Briefing material was generated by EPA staff and does not represent final EPA policy.  Document is predecisional and deliberative, because the decision-making process was still on-going when the document was drafted, the drafter lacked decision-making authority, and the draft contains only staff recommendations and analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

The draft does not contain any reasonably segregable factual information that could be released without revealing protected pre-decisional. To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| **EPA**-118 | **Pages:** 2 | **Subj:** Draft document entitled "Analyzing Alternative MACT Standards | **Date:** 09/01/2003 | **Auth:** |
|---|---|---|---|---|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|---|---|---|---|
| | [Draft document] Draft memorandum (marked "Draft") recommending further analysis of alternative MACT levels.  Memo provides and analyzes MACT standard alternatives. IPM Analyses (response to #39). Prepared as part of EPA's evaluation of policy options | Ex. 5 -- Deliberative Process Privilege | |

related to the mercury rule.

Withheld in full.
Exemption 5 -- deliberative process   The withheld options discuss a number of possibilities to be used in running IPM analyses.  This information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the memorandum was drafted, the source lacked decision-making authority, and the draft contains options and variables to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

The draft does not contain any reasonably segregable factual information that could be released without revealing protected pre-decisional.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| EPA-119 | Pages: 2 | Subj: February 24 rule | Date: 03/22/2004 08:19 PM | Auth: Joseph Beamon Department of Energy |
|---------|----------|------------------------|---------------------------|------------------------------------------|

| **Recipients** | **Description** | **Exemption** | **Release/With Status Exp** |
|----------------|-----------------|---------------|------------------------------|
| Maryjo Krolewski/DC/USEPA/US | [Email w/o attachment] 2 e-mails between DOE employee and EPA staff:  (1) question concerning 2/24 SNPR from DOE and (2) EPA employee response Prepared as part of EPA's evaluation of policy options related to the mercury rule. | Ex. 5 -- Deliberative Process Privilege | E-mail message metadata and subject line released; staff question withheld. |

Withheld in part.
Exemption 5 -- deliberative process.  This e-mail was part of an ongoing decisionmaking process and contains a staff response to a question about the proposed rulemaking.  The response to the DOE  question and the question itself are predecisional and deliberative, because the project was on-going when the e-mail was drafted, the sources lacked decision-making authority, and the e-mail contains various options to be presented to Agency decisionmakers. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

**EPA Vaughn Index for Reilly v. EPA**                    **C.A. 05-10450-RCL**

**Document Log**

✔ Review Status = Complete
Exemption/Privilege = Ex. 5 -- Deliberative Process
Privilege

| Review Status | ○ Pending ● Complete |
|---|---|
| **From** | **To** |
| Ellen Brown/DC/USEPA/US | Marianne (??) last name unknown |
| **CC** | **BCC** |
| Rob Brenner/DC/USEPA/US<br>Jeff Holmstead/DC/USEPA/US | |

| Subject | Date/Time | Document Type |
|---|---|---|
| Memo forwarding (within EPA) draft final working group report on utility MACT | 09/16/2003 | Draft document |

| Tracking Number | Pages | Exemption/Privilege |
|---|---|---|
| EPA-62 | 1 | Ex. 5 -- Deliberative Process Privilege |

**Description**

This document forwards the final report of the working group on the utility MACT to the Clean Air Act Advisory Committee (CAAAC).  Prepared as part of EPA's evaluation of policy options related to the mercury rule.

Withheld in part.
Exemption 5 -- deliberative process.  The forwarding document includes EPA positions in relation to the conclusions of the report.  The withheld information is predecisional and deliberative, because it suggests a number of options to be considered by Agency decisionmakers.  Policy evaluation related to the mercury rule was on-going when the document was drafted, the source lacked decision-making authority, and the document proposes options to be considered in the Agency's policy analysis. Release would have a chilling effect on Agency decision-making processes and cause public confusion about the reason for an Agency decision.

No reasonably segregable information.  To the best of our knowledge, document has not been shared outside of the federal government or one of its contractors.

| Release/Withhold Status | Explain Release/Withhold Status |
|---|---|
| Withhold in Full | |

| Optional Notational Fields | | | |
|---|---|---|---|
| **Open Notation 1** | **Open Notation 2** | **Notation 1** | **Alpha Notation 2** |
| | | None | None |

**Document Body**